339 So.2d 315 (1976)
STATE of Florida, Appellant,
v.
Glenn Louis ZAWISTOWSKI, Appellee.
No. CC-392.
District Court of Appeal of Florida, First District.
November 24, 1976.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., Tallahassee, for appellant.
William J. Sheppard of Sheppard, Fletcher, Hand & Adams, Jacksonville, for appellee.
SMITH, Judge.
The State appeals from an order entered by the Duval County circuit court pursuant to § 901.33, F.S. 1975, directing the sheriff, other law enforcement agencies and the county clerk to expunge the record of appellee's arrest on August 25, 1972. The State contends appellee does not qualify for the statutory benefit of expungement.
The statute provides in part:

*316 "If a person who has never previously been convicted of a criminal offense ... is charged with a ... felony or misdemeanor, but is acquitted or released without being adjudicated guilty, he may file a motion with the court ... to expunge the record of arrest... . The court [after notice] shall issue an order to expunge all official records relating to such arrest... . The court shall not enter an order expunging the records ... when there are several acts, or said person has been charged with several offenses ... related to the offense or offenses for which such person had been charged and not found guilty, and when the charge and adjudication of nonguilt did not include all such charges or all such several acts... ."
Appellee was arrested and charged in August 1972 with both possession and sale of marijuana. The count charging sale was nolle prossed when appellee pleaded guilty to possession and he was placed on probation with adjudication of guilt withheld. His probationary term ended in April 1975. A month later, he was arrested and adjudicated guilty of driving under the influence of alcohol. Still later, he filed a motion to expunge the record pertaining to the August 1972 marijuana arrest, and it was granted. The State contends the nolle prosequi on the August 1972 charge of marijuana sale was not an "adjudication of nonguilt" and, therefore that the record of that arrest should not be expunged.
Section 901.33 seemingly leaves an ambiguity when it offers expungement of an arrest record for one "acquitted or released without being adjudicated guilty," such as one released on probation with no adjudication, while withholding the statute's benefits "when the ... adjudication of nonguilt"  which a withheld judgment on one count and a nolle prosequi on another plainly are not  "did not include all" multiple charges simultaneously made. We choose to interpret this remedial statute in the spirit expressed in its first sentence, and will give those provisions effect over ambiguity later introduced. If, as the State contends, a nolle prosequi of one count does not constitute "adjudication of nonguilt," then surely the same can be said of withholding adjudication. In such a case, therefore, the State would deny the statutory benefits to any who was not adjudicated innocent, although the statute plainly extends its remedy not only to one who "is acquitted" but also to one who is "released without being adjudicated guilty." Appellee, having been so released, is entitled to the statutory benefits as they apply to his arrest record of August 25, 1972.
We likewise reject the State's argument that appellee lost the benefits of § 901.33 because, before applying under the statute, he was arrested and adjudicated guilty of another offense in May 1975. The statute plainly extends its remedy to one who, at the time of arrest, "never previously" was convicted and who is then acquitted or released without adjudication of guilt. His entitlement to the remedy is not disseized by a subsequent adjudication.
We agree the order expunging the arrest record must be modified in accordance with Johnson v. State, 336 So.2d 93 (Fla. 1976), which held unconstitutional the statutory mandate for "destruction of judicial records." 336 So.2d 95. The order in substance will be affirmed but the case will be remanded for entry of an order lodging in the court and sealing all State records of appellee's August 1972 arrest, subject to the court's power for good cause to open it "under conditions wherein the ends of justice might require it." 336 So.2d at 95.
AFFIRMED, but remanded for modification.
BOYER, C.J., and MILLS, J., concur.