SCHWARTZ, Judge.
The defendant below appeals from an order unsealing his felony arrest record and court file, which had been previously ordered sealed pursuant to Section 901.33, Fla.Stat. (1977). See Johnson v. State, 336 So.2d 93 (Fla.1976); Fla.R.Crim.P. 3.692. We affirm.
The record shows that on August 14, 1977, Poleski, who had not then been convicted of any offense, was stopped by a Hialeah police officer when he was observed driving his car in an erratic fashion. After the officer placed him under arrest for “driving under the influence,” in violation of § 316.028, Fla.Stat., a search of his person turned up two bags of quaaludes, with the possession of which he was then also charged. As to the latter offense, a felony, Poleski was informed against in the Dade County Circuit Court. After he had successfully completed the pre-trial intervention program, however, the information was nolle prossed on January 25, 1978. In the meantime, however, he had been convicted of the d.u.i. charge, apparently in the County Court, on October 4, 1977.
On May 15, 1978, without revealing his d.u.i. conviction, Poleski moved for an order sealing the arrest and court records of the felony possession charge. The court granted the motion on June 19, 1978. After the Department of Criminal Law Enforcement brought the d.u.i. conviction to the trial judge’s attention, she entered the “order unsealing court file” which is now under review. That order was properly entered.
The controlling statute, Section 901.33, Fla.Stat. (1977)[1] provides:
“If a person who has never previously been convicted of a criminal offense or municipal ordinance violation is charged with a violation of a municipal ordinance or a felony or misdemeanor, but is acquitted or released without being adjudicated guilty, he may file a motion with the court wherein the charge was brought to expunge the record of arrest from the official records of the arresting authority The court shall not enter an order expunging the records as above provided when there are several acts, or said person has been charged with several offenses originating out of or related to *550 the offense or offenses for which such person had been charged and not found guilty, and when the charge and adjudication of nonguilt did not include all such charges or all such several acts.” [emphasis supplied]
The emphasized provisions of the statute apply directly to Poleski’s situation. Plainly, there were “several acts” involved in the defendant’s August 14, 1977 arrest. It is also clear that the d.u.i. charge was directly “related to” the possession offense which was nolle prossed. Cf. State v. Zawistowski, 339 So.2d 315 (Pla. 1st DCA 1976). Since the nolle prosse did not include the d.u.i. offense, of which, to the contrary, the defendant was found guilty, the very terms of the statute demonstrate that he was not entitled to the relief sought.[2]
Affirmed.[3]

. In Johnson v. State, 336 So.2d 93 (Fla.1976), the statute was held partially unconstitutional on a point not involved in this case. The invalid provisions were modified and adopted as Fla.R.Crim.P. 3.692.

. The facts of this case demonstrate the wisdom of the proviso in the statute which is applicable here. Both the d.u.i. and the felony possession charges were incorporated into the same “A” or arrest form. Thus even an ex-pungement of the felony charge would not eliminate the reference to those same charges in the unsealed County Court files involving the d.u.i.

. The trial judge based the ruling below upon her conclusion, which was acknowledgedly directly contrary to State v. Zawistowski, 339 So.2d 315, 316 (Fla. 1st DCA 1976), that the statute applied only if the defendant had not been “previously convicted” of another offense as of the time that the file was to be sealed rather than, as of “the time of the arrest,” as the First District held in Zawistowski. Since we affirm upon another ground, we do not resolve this issue.