510 So.2d 1052 (1987)
Timothy WILLIAMSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-2097.
District Court of Appeal of Florida, Third District.
July 28, 1987.
Bierman, Sonnett, Shohat & Sale and Benedict P. Kuehne, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
This is an appeal from an order denying Williamson's petition to seal[1] all *1053 criminal history information[2] contained in judicial and non-judicial records which had been generated by his arrest and prosecution in this case. The denial was expressly based on the lower court's view that, notwithstanding that the defendant indisputably met the statutory conditions precedent for the sealing of the records, it had the "broad discretion" to deny the motion and properly exercised it "considering the seriousness of the circumstances of the defendant's arrest." We reverse upon a holding that there is no discretion in the trial court to deny a motion to seal where the defendant meets the statutory conditions precedent for sealing.

I.
In May 1985, Timothy Williamson was arrested on charges of carrying a concealed firearm, conspiring to traffic in cocaine, and trafficking in cocaine. Two other individuals, William Roland and Washington Herrera, were arrested on the same charges. Due to a lack of evidence to prove Williamson's involvement with the cocaine charges, the information formally charging him was confined to the concealed firearm offense.
In September 1985, Williamson pleaded nolo contendere to the charge in the information. The trial court withheld adjudication of guilt and placed Williamson on probation for six months, with a special condition that he pay a fine. In March 1986, Williamson, having successfully completed his probation, including the payment of the fine, moved to seal his criminal history and court record.
Williamson's motion met all the statutory[3] and procedural[4] requirements for the sealing of the records. As Section 943.058(2) requires, he alleged that he had no previous criminal adjudications, that he was not adjudicated guilty of the instant offense, and that he had not previously had any record sealed or expunged. These allegations were not disputed by the State and, indeed, were found to be true by the trial court.
Despite being satisfied that the defendant had met the statutory criteria for sealing, the trial court denied the defendant's motion finding:
"1. That the Defendant, Timothy Williamson, was arrested on May 16, 1985 for trafficking in cocaine, conspiracy to traffic in cocaine, and carrying a concealed firearm.
"2. That the State originally refrained from filing an information alleging trafficking in cocaine and conspiracy *1054 to traffic in cocaine due to a lack of evidence.
... .
"5. That recently, co-defendant, Washington Herrera, entered into a substantial assistance agreement with the State and provided testimony indicating that the Defendant, Timothy Williamson, and another co-defendant, William Steven Roland, were in South Florida for the sole purpose of purchasing large quantities of cocaine. However, the State is precluded from refiling the narcotics charges due to the expiration of the speedy trial period.
"6. That Section 943.058(a) Florida Statutes (1985) provides that `The Courts of this State shall continue to have jurisdiction over their own procedures, including the keeping, sealing, expunction, or correction of judicial records containing criminal history information.'
"7. That the Court shall not enter an order sealing or expunging criminal records where the Court has ascertained that there were `several acts' involved in a defendant's arrest. Poleski v. State, 371 So.2d 548 (Fla. 3rd DCA 1979).
"8. That the Court, having broad discretion and considering the seriousness of the circumstances of the defendant's arrest and the State's memorandum in opposition to Defendant's petition, has sufficient reason to deny the sealing and expunging of the defendant's criminal records."
(emphasis in original).

II.
Turning now to Section 943.058, we acknowledge that its permissive language  "[t]he courts may order the sealing or expunction"  suggests that the trial court has discretion to deny sealing, notwithstanding that the defendant has indisputably met the statutory criteria. Indeed, by employing an "abuse of discretion" test to review denials of motion to seal, we have ourselves  without critical examination  acquiesced in such a reading of the statute. See Canter v. State, 448 So.2d 64 (Fla. 3d DCA 1984). Despite this, however, we have been unable to find any case in which a court has approved the denial of a motion to seal where the defendant has satisfied the three statutory criteria for sealing, see § 943.058(2)(a)-(c). This suggests to us that in respect to a motion to seal, the language, "[t]he courts may order," should be read as mandatory.[5] Such a statutory construction is appropriate where the design of the statute is to confer a benefit on certain specified members of the public. See Seaboard Airline Railway Co. v. Wells, 100 Fla. 1027, 130 So. 587, 593 (1930) (where statute says a thing "may" be done by a public official for the public benefit, it is to be construed that it must be done); Allied Fidelity Insurance Co. v. State, 415 So.2d 109, 111 (Fla. 3d DCA 1982) ("may" will be deemed obligatory where a statute directs the doing of a thing for the sake of justice); see also S.R. v. State, 346 So.2d 1018, 1019 (Fla. 1977) (whether "shall" is to be considered mandatory or permissive depends on its context and legislative intent); Schneider v. Gustafson, 139 So.2d 423, 425 (Fla. 1962) (same); Brown v. Pumpian, 504 So.2d 481, 482 (Fla. 1st DCA 1987) (same).
The trial court's reliance on Poleski v. State, 371 So.2d 548 (Fla. 3d DCA 1979), is misplaced. In Poleski, the defendant, like the defendant here, was arrested for two offenses. After successfully completing a pretrial intervention program, the information charging Poleski with possession of quaaludes was nolle prossed, and he moved for an order sealing the records pertaining to this charge without revealing that in the interim he had been convicted of "driving under the influence," the companion offense at the time of his arrest. When this *1055 conviction came to light, the records pertaining to the quaalude charge were unsealed.
It is thus perfectly clear that Poleski, having been convicted of the driving under the influence charge, failed to meet a criterion of the then controlling statute and would fail to meet the first criterion of Section 943.058(2). In the present case, there has been no conviction of the defendant on any cocaine charge and, indeed, there can be none. The suggestion that a trial court could, as here, refuse to seal records because the speedy trial rule prevented the State from refiling charges against the defendant is no more acceptable than the preposterous suggestion that it could refuse to seal records because it disagreed with a jury's verdict of acquittal. It is no more tolerable that a mere arrest without conviction can operate to deprive a defendant of the right to have his record sealed than it is tolerable that an arrest without conviction can be used to increase a defendant's point score for sentencing guideline purposes, see Fla.R.Crim.P. 3.701(d)(5)(a)(1) (prior record does not include anything less than conviction, i.e., arrests), to depart from the sentencing guidelines, see Burke v. State, 483 So.2d 404 (Fla. 1985); Weems v. State, 469 So.2d 128 (Fla. 1985); Fla.R.Crim.P. 3.701(d)(11), to revoke the defendant's probation, see Hines v. State, 358 So.2d 183 (Fla. 1978), or to impeach the defendant's credibility, Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948); Jordan v. State, 107 Fla. 333, 144 So. 669 (1932); Harmon v. State, 394 So.2d 121 (Fla. 1st DCA 1980). The trial court, by treating the defendant's arrest without conviction as disqualifying the defendant from the right to have the records sealed, has effectively rewritten Section 943.058(2)(b). To the criterion that a person who has "not been adjudicated guilty of any of the charges stemming from the arrest" (emphasis supplied), the trial court has, by its ruling, added "and as to whom the State possesses no evidence tending to show his guilt of any such charges." This court will take no such liberties with the statute.
We conclude that there can be no reason to deny an otherwise statutorily qualified defendant's petition to seal records, and thus no discretion to do so. The order of the trial court is reversed and the cause remanded with directions that it grant the defendant's motion to seal.
Reversed and remanded.
NOTES
[1] On appeal, Williamson abandoned his claim that the trial court erred in refusing to expunge such records. Expunction means "the act of physical destruction or obliteration of a record... ." § 943.045(13), Fla. Stat. (1985). Sealing means "the preservation of a record under such circumstances that it is secure and inaccessible to any person not having a legal right of access to the record or the information contained and preserved therein." § 943.045(14), Fla. Stat. (1985). The terms are used interchangeably in many instances throughout the statute, and the effect of expunction or sealing appears to be the same. See § 943.058(6), Fla. Stat. (1985).
[2] history information' means information collected by criminal justice agencies on persons, which information consists of identifiable descriptions and notations of arrests, detentions, indictments, informations, or other formal criminal charges and the disposition thereof. The term does not include identification information, such as fingerprint records, if the information does not indicate involvement of the person in the criminal justice system."
§ 943.045(4), Fla. Stat. (1985).
[3] In pertinent part, Section 943.058(2) reads:

"(2) The courts of this state shall continue to have jurisdiction over their own procedures, including the keeping, sealing, expunction, or correction of judicial records containing criminal history information. The courts may order the sealing or expunction of any other criminal history record provided:
"(a) The person who is the subject of the record has never previously been adjudicated guilty of a criminal offense or comparable ordinance violation;
"(b) The person who is the subject of the record has not been adjudicated guilty of any of the charges stemming from the arrest or alleged criminal activity to which the records expunction petition pertains;
"(c) The person who is the subject of the record has not secured a prior records expunction or sealing under this section, former s. 893.14, or former s. 901.33... ."
[4] Florida Rule of Criminal Procedure 3.692 provides in pertinent part:

"Petition to Seal or Expunge
"(a) All relief sought by reason of Section 943.058, Florida Statutes (1981), shall be by petition in writing, filed with the clerk. Such petition shall state the grounds upon which it is based and the official records to which it is directed and shall be supported by an affidavit of the party seeking relief which affidavit shall state with particularity the statutory grounds and the facts in support of such motion. A copy of the petition and affidavit shall be served upon the prosecuting attorney and upon the arresting authority. Notice and hearing shall be as provided in Rule 3.590(c)."
[5] The defendant suggests, not implausibly, that if "may" is to be given a permissive meaning, it refers to expunction only. Indeed, Section 943.058(3), which deals primarily with expunction, calls for a specific finding of "unusual circumstances requiring the exercise of the extraordinary equitable powers of the court." Thus, under such unusual circumstances, the court may expunge, and the standard for denial  albeit somewhat vague  is the absence of unusual circumstances. As to sealing, however, there is no standard by which the court's exercise of discretion can be measured.