SCHOONOVER, Judge.
The appellant, Robert Allen Thomas, appeals the denial of his petition to have his criminal record sealed. We reverse.
The appellant, an attorney licensed to practice law in the state of Pennsylvania, was charged with uttering a forged instrument after he transferred funds into his escrow account from an account on which he was a signatory. The account from which the funds were transferred contained funds awarded to appellant’s clients in a Florida lawsuit. The trial court, however, had ordered that the funds were not to be distributed without the court’s permission. Appellant’s announced purpose in transferring the funds was to challenge, by way of contempt, the court’s authority to continue withholding the funds from his clients.
The appellant pled nolo contendere to the charges with the understanding that he would be placed on probation and that adjudication of guilt would be withheld. In exchange for appellant’s plea of nolo con-tendere, the state also agreed that it would neither file additional charges on two other checks written in connection with the transferring of the funds nor actively seek to have the appellant held in contempt in the civil proceeding. Pursuant to the agreement, the court withheld adjudication of guilt and placed the appellant on probation for a period of five years.
After the trial court granted the appellant’s request to have his probation terminated after one year, the appellant filed a petition seeking to have the criminal history record concerning his arrest on the uttering a forged instrument sealed. The state did not traverse or demur to the appellant’s petition or affidavit as permitted by Florida Rule of Criminal Procedure 3.692(b), but at the hearing on the petition, the state opposed appellant’s petition to have his criminal record sealed. The trial court denied the petition on the grounds that the appellant’s act was an intentional one and that, as an attorney, the appellant had a higher duty to obey the law. This timely appeal followed.
Appellant contends that section 943.-058(2), Florida Statutes (1985), grants a person who meets the criteria set forth in the statute a substantive right to have his record sealed and that the trial court erred in denying him this right. We agree.
Section 943.058(2) provides that a court may order the sealing or expunction of a criminal history record if the person who is the subject of the record meets certain requirements. The record may be sealed or expunged if such person (1) has never previously been adjudicated guilty of a criminal offense or comparable ordinance violation, (2) has not been adjudicated guilty of any of the charges stemming from the arrest or alleged criminal activity to which the records expunction petition *165 pertains, (3) has not secured a prior records expunction or sealing under the section, former section 893.14, Florida Statutes (1979), or former section 901.33, Florida Statutes (1979), and (4) such record has been sealed under one of these sections for at least ten years. The last condition does not apply to an instance in which no indictment or information is filed against the subject of the record.
The record establishes that the appellant met all of the conditions contained in the statute, and as mentioned above, the state did not traverse or demur to the appellant’s petition and affidavit. The supreme court in Johnson v. State, 336 So.2d 93 (Fla.1976), upheld the predecessor statute, section 901.33 Florida Statutes (1975), to the extent that it granted a substantive right to a defendant to have his record closed to public inspection. Pursuant to the court’s holding in Johnson, the statute was amended in 1980 and replaced by section 943.058 in order to establish the procedure for the accomplishment of that right. Although the statute provides that the court may grant the petition and does not state, as the predecessor statute did, that the court shall grant it, the court does not have unbridled discretion when it considers a petition that meets all of the criteria of the statute. See Canter v. State, 448 So.2d 64 (Fla. 3d DCA 1984). Here, we believe the court abused its discretion.
In denying appellant’s motion for rehearing, the court stated that the petition was being denied because the appellant’s act was intentional and because he was an attorney. Intent was part of the offense with which appellant was charged. See § 831.02, Fla.Stat. (1983). We can find no reason why offenses involving the element of intent should receive different treatment under section 943.058. Furthermore, while we agree that an attorney has a duty to obey the law and is properly held to a high degree of integrity, we can find no reason why the benefits of the statute should be denied on that basis. Disciplinary action can be, and we understand has been, brought against the appellant for his conduct in this matter.
We also reject the state’s contention that the appellant is not entitled to the benefit of the statute because the appellant was involved in contempt in the civil action out of which these charges arose and because the state did not file on two other charges in exchange for the appellant’s plea of nolo contendere to one charge. The state’s reliance on Poleski v. State, 371 So.2d 548 (Fla. 3d DCA 1979), to support this contention is misplaced. Poleski was decided under the predecessor statute, section 901.33, which contained language no longer present in section 943.958(2). The fact that two other charges had not been prosecuted is no longer a reason to deny the petition. The record does not reflect whether appellant was ever charged with either civil or criminal contempt. In the absence of a traverse or demurrer to the appellant’s petition and affidavit, we must assume that no contempt action was commenced.
Since the trial court’s decision to deny the appellant’s petition was based upon invalid reasons and since the appellant met the requirements of section 943.058(2), we reverse and remand with instructions to grant the relief requested in the appellant’s petition. See Canter.
Reversed and remanded with instructions.
SCHEB, A.C.J., and THREADGILL, J., concur.