ERVIN, Judge.
Joseph David Merritt appeals an order of the circuit court denying his petition to seal his criminal history record. We reverse and remand with directions that the petition to seal be granted.
Following appellant’s plea of guilty to possession of a controlled substance and acceptance of a negotiated sentence, result *94 ing in the withholding of adjudication of guilt and a one year period of probation, appellant served the same and then sought to seal his criminal record by filing a petition [1] pursuant to Section 943.058, Florida Statutes.[2] Appellant swore in an affidavit that he had never been adjudicated guilty of the charges stemming from the arrest and had never secured a prior expunction of the record under either section 943.058 or former section 901.33. At the hearing on the motion, the state objected to the sealing of the record on the ground that the quantity of drugs involved — over two pounds of marijuana — reflected that a more serious charge could have been pursued by the state against appellant, and “that the marijuana was seized pursuant to a search warrant which was based upon a confidential informant purchasing marijuana at this residence.” In denying appellant’s motion to seal, the trial court observed that the statutory language of section 943.058 furnishes a court with discretion in determining whether to grant the relief requested; however, the court otherwise offered no written or oral pronouncement as to its rationale for refusing to seal appellant’s record. Because of the status of the record, we assume that the trial court’s decision in refusing to expunge or seal reflected an acceptance of the reasons advanced by the state in opposition to the petition to seal. We further note that the state did not file a traverse pursuant to Florida Rule of Criminal Procedure 3.692, contesting the affidavit filed by appellant in support of his petition.
The state’s arguments fail to present adequate grounds undergirding the order on appeal. As the quantity of a drug possessed by a defendant is an invalid reason for departure from the recommended range of a guideline sentence, Atwaters v. State, 519 So.2d 611 (Fla.1988), we similarly conclude that the quantity of a drug is an invalid reason for refusing to seal a record. Moreover, an objection to sealing a record based on criminal charges never brought against a defendant cannot be considered a valid reason to deny a petition to seal. See Thomas v. State, 513 So.2d 163, 165 (Fla. 2d DCA), review denied, 519 So. 2d 988 (Fla.1987), stating that “the fact that two other charges had not been prosecuted is [not] ... a reason to deny the petition [to seal].” In Thomas, the Second District rejected the state’s contention that the appellant was not entitled to the benefit of the expunction statute because the state, in exchange for the appellant’s nolo conten-dere plea to one of three charges, did not prosecute the remaining two. Cf. Williamson v. State, 510 So.2d 1052 (Fla. 3d DCA 1987) (one of the trial court’s reasons for denying a defendant’s petition to seal his criminal history information erroneously relied upon the fact that the state had refrained from filing an information against the defendant for trafficking in cocaine and conspiracy to traffic in cocaine due to a lack of evidence). The Third District in Williamson additionally concluded that a trial court could not refuse to expunge or seal a record on the ground that the speedy trial rule had prevented the *95 state from refiling charges against the defendant, observing:
The suggestion that a trial court could, as here, refuse to seal records because the speedy trial rule prevented the State from refiling charges against the defendant is no more acceptable than the preposterous suggestion that it could refuse to seal records because it disagreed with a jury’s verdict of acquittal. It is no more tolerable that a mere arrest without conviction can operate to deprive a defendant of the right to have his record sealed than it is tolerable that an arrest without conviction can be used to increase a defendant's point score for sentencing guideline purposes.
Id. at 1055 (citations omitted).
It was likewise improper in the instant case to use, as a ground for refusing to seal a record, the fact that, as a result of a negotiated plea, a charge was never brought against the defendant.
The order appealed from is reversed and the cause is remanded with directions that the petition to seal appellant’s criminal history record be granted.
SMITH, C.J. and NIMMONS, J., concur.

. Florida Rule of Criminal Procedure 3.692 provides that relief sought pursuant to Section 943.-058, Florida Statutes, shall be by petition, which shall contain an affidavit stating the statutory grounds and facts in support of the petition. The rule provides that "[t]he State may traverse or demur to such petition and affidavit." The court may receive evidence relating to "any issue of fact necessary to the decision of the petition.”

. The provisions of section 943.058(2), pertinent to this case, state as follows:
The courts may order the sealing or expunction of any other criminal history record provided:
(a) The person who is the subject of the record has never previously been adjudicated guilty of a criminal offense or comparable ordinance violation;
(b) The person who is the subject of the record has not been adjudicated guilty of any of the charges stemming from the arrest or alleged criminal activity to which the records expunction petition pertains;
(c) The person who is subject of the record has not secured a prior record’s expunction or sealing under this section, former s. 893.14 or former s. 901.33; and
(d) Such record has been sealed under this section, former s. 893.14 or former s. 901.33 for at least 10 years....