817 So.2d 961 (2002)
Christine KNOX & Dempsey Knox, Appellant/Cross-Appellee,
v.
ADVENTIST HEALTH SYSTEM/SUNBELT, INC., et al., Appellee/Cross-Appellant.
No. 5D01-632.
District Court of Appeal of Florida, Fifth District.
May 24, 2002.
Louis W. High, Spring Hill, for Appellant/Cross-Appellee.
Larry D. Hall, Robin D. Black and Jennifer L. Phillips of Hill, Adams, Hall & Schieffelin, P.A., Orlando, for Appellee/Cross-Appellant.
THOMPSON, C.J.
Christine Knox and Dempsey Knox (collectively, Knox) appeal a final judgment entered in favor of appellees Adventist Health System/Sunbelt, Inc. and Florida Hospital Waterman, Inc. (collectively, Appellees). Appellees filed a notice of cross-appeal of the final judgment but their answer brief does not "include the issues in the cross-appeal that are presented for review, and argument in support of those issues." See Fla. R.App. P. 9.210(c). The cross-appeal is dismissed.
Knox sued Appellees, along with several others not part of this appeal, for damages *962 arising from Appellees' negligence. The complaint alleged that on February 2, 1994, Appellees' employees, Jamie Branam and Edith Hurst, acting in the scope of their employment as paramedics, responded to an emergency call for assistance placed by Christine Knox, one of the plaintiffs/appellants. The paramedics were carrying Mrs. Knox in a chair which "began to fall apart and dropped" her.
Appellees filed a motion to dismiss for failure to state a cause of action. Appellees contended that Knox had failed to state a cause of action based on Florida's Good Samaritan Act. In pertinent part, the motion to dismiss alleged that:
pursuant to Section 768.13, Florida Statutes, JAMIE BRANAM and EDITH HURST, as emergency paramedics, may only be held liable for civil damages allegedly resulting from emergency care provided when it is alleged, and ultimately proven, that such care was provided in a manner demonstrating reckless disregard for the consequences,
and Knox did not allege as much but rather alleged only ordinary negligence.
Whether a complaint should be dismissed is a question of law. See City of Gainesville v. State, Dep't of Transp., 778 So.2d 519, 522 (Fla. 1st DCA 2001). On appeal of a judgment granting a motion to dismiss, the standard of review is de novo. See id, 778 So.2d at 522. The applicable portion of Florida's Good Samaritan Act:
(b)1. Any hospital licensed under chapter 395, any employee of such hospital working in a clinical area within the facility and providing patient care, and any person licensed to practice medicine who in good faith renders medical care or treatment necessitated by a sudden, unexpected situation or occurrence resulting in a serious medical condition demanding immediate medical attention, for which the patient enters the hospital through its emergency room or trauma center, shall not be held liable for any civil damages as a result of such medical care or treatment unless such damages result from providing, or failing to provide, medical care or treatment under circumstances demonstrating a reckless disregard for the consequences so as to affect the life or health of another.
§ 768.13(2)(b)1, Fla. Stat. (2000)(emphasis added).
The subsection describes three persons or entities to whom it applies: (i) "Any hospital licensed under chapter 395"; (ii) "any employee of such hospital working in a clinical area within the facility and providing patient care"; and (iii) "any person licensed to practice medicine who in good faith renders medical care or treatment necessitated by a sudden, unexpected situation or occurrence resulting in a serious medical condition demanding immediate medical attention." (emphasis added). The complaint describes the actual tortfeasors in the instant case as two paramedics working on behalf of the Appellees; it is agreed that these paramedics were not "a hospital," were not working in a clinical area within a facility, and were not licensed to practice medicine. Thus, the paramedics do not fall within the ambit of the Act.
"When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." Holly v. Auld, 450 So.2d 217, 219 (Fla.1984)(quoting A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157, 159 (1931)). This statute is clear and unambiguous and conveys a clear and definite meaning, a meaning which precludes *963 application of this portion of the Good Samaritan Act to the facts of the instant case.
The trial court's application of this portion of the Good Samaritan Act to these facts was mistaken. This subsection was only intended by the legislature to immunize conduct occurring within the hospital, as evinced by the later caveat in the subsection that the patient being treated has entered the hospital via the emergency room or trauma center. See May J. Cain and Joseph R. Pisegna, M.D., Good Samaritan Bad Act?, 63 Fla. B.J. 23 (May 1989) ("The Florida Legislature recently amended that portion of the Good Samaritan Act which covers emergency care within a hospital or clinic") (emphasis in original); see also Ch. 88-1 § 45(2), Laws of Fla. ("It is the intent of the Legislature to promote the availability of emergency medical care by providing immunity from civil liability to hospitals and trauma centers and the medical emergency care providers rendering care therein to medical emergency patients, unless such care is rendered with reckless disregard for the life or health of the patient")(emphasis added).
The Appellees complain that this interpretation is not logical because it applies one standard of care to a paramedic working outside the hospital and another to a doctor working inside the hospital. The fact that the statute fails to protect individuals seemingly worthy of protection is not for this court to remedy, but rather the legislature.[1]Cf. Cain and Pisegna supra at 25 (noting that some states specifically provide immunity to rescue squad members who render emergency care while in the performance of their duties).
To interpret the Act as Appellees suggest would be to rewrite the Act, an endeavor not within the purview of a court. Because the Good Samaritan Act does not apply to these facts, pleading ordinary negligence was sufficient and upon remand the complaint should be reinstated.
REVERSED and REMANDED with instructions to reinstate the complaint.
COBB and ORFINGER, R.B., JJ., concur.
NOTES
[1] Section 716.13(2)(a), Florida Statutes (2000), applies to persons who render aid outside the hospital setting:

Any person, including those licensed to practice medicine, who gratuitously and in good faith renders emergency care or treatment... at the scene of an emergency outside of a hospital ... without objection of the injured victim or victims thereof, shall not be held liable ... where the person acts as an ordinary reasonably prudent person would have acted under the same or similar circumstances.
(emphasis added). Unfortunately for the paramedics and their employers, the term "gratuitously" in section 716.13(2)(a) precludes application of this portion of the act to paramedics, who are paid for what they do.