ROTHENBERG, J.
 

 A.J.M. appeals from a final order denying his petition to compel the Florida Department of Law Enforcement (“Department”) to issue a certificate of eligibility for the sealing of a criminal history record. We affirm.
 

 J.
 
 Facts and Procedural History
 

 In August 2006, A.J.M. was pulled over for speeding. After conducting the stop, a police officer arrested A.J.M. for driving under the influence of alcohol (“DUI”), and during a search incident to arrest, the police officer discovered cocaine in A. J.M.’s pocket. A.J.M. was later charged in circuit court with possession of cocaine, and in county court with DUI and driving while license suspended (“DWLS”).
 

 A.J.M. pled guilty to possession of cocaine, and the circuit court withheld adju
 
 *708
 
 dication. The DUI and DWLS charges are currently pending before the county court, and the county court stayed the proceedings pending the resolution of this appeal.
 

 On October 19, 2006, pursuant to section 943.059, Florida Statutes (2006),
 
 [1]
 
 A.J.M. applied to the Department for a certificate of eligibility to seal the possession charge. The application, however, did not seek a certificate of eligibility as to the other two offenses stemming from AJ.M.’s August 2006 arrest — DUI and DWLS. The Department declined to issue the certificate of eligibility based on its determination that A.J.M. failed to meet the statutory criteria. Specifically, the Department determined that because the county court charges were pending, A.J.M. could not attest that he “[h]a[d] not been adjudicated guilty of or adjudicated delinquent for committing any of the acts stemming from the arrest or alleged criminal activity to which the petition to seal pertains,” as required by section 943.059(2)(d).
 
 [2]
 

 After the Department declined to issue the certificate of eligibility, A.J.M. petitioned the circuit court to compel the Department to issue the certificate.
 
 [3]
 
 When the trial court denied the petition, A.J.M. filed the instant appeal.
 

 II. Issue
 

 This appeal raises the following question: Pursuant to section 94S.059(2)(d), can the Department issue a certificate of eligibility to seal a criminal history record where the charge the applicant seeks to seal has been disposed of without an adjudication of guilt, but where the remaining charges stemming from his arrest are still
 
 *709
 
 pending? We conclude that based on the clear and unambiguous language of section 943.059(2)(d), the Department cannot issue a certificate of eligibility under these circumstances, and therefore, we affirm the trial court’s denial of AJ.M.’s petition to compel the Department to issue the certificate.
 

 III. Standard of Review
 

 The issue presented is a question of law, and therefore, this Court’s standard of review is de novo.
 
 See Koile v. State,
 
 934 So.2d 1226, 1229 (Fla.2006).
 

 IV. Analysis
 

 The language at issue is set forth in subsection (2)(d), which provides in part as follows:
 

 (2) CERTIFICATE OF ELIGIBILITY FOR SEALING. — Prior to petitioning the court to seal a criminal history record, a person seeking to seal a criminal history record shall apply to the [Department [of Law Enforcement] for a certificate of eligibility for sealing.... The department shall issue a certificate of eligibility for sealing to a person who is the subject of a criminal history record provided that such person:
 

 (d)
 
 Has not been adjudicated guilty of or adjudicated delinquent for■ committing any of the acts stemming from the arrest or alleged criminal activity to •which the 'petition to seal pertains.
 

 (Emphasis added).
 

 The parties disagree as to the meaning of the provision and whether the provision is clear and unambiguous. Contrary to AJ.M.’s assertion, subsection (2)(cl) is clear and unambiguous, and therefore, this Court “will not look behind the statute’s plain language for legislative intent or resort to rules of statutory construction to ascertain intent.”
 
 Daniels v. Fla. Dep’t of Health,
 
 898 So.2d 61, 64 (Fla.2005);
 
 see also Knox v. Adventist Health Sys./Sun belt, Inc.,
 
 817 So.2d 961, 962 (Fla. 5th DCA 2002) (recognizing that when a statute is clear and unambiguous, a court may not resort to rules of statutory construction, and the “statute must be given its plain and obvious meaning”).
 

 A plain reading of section 943.059(2) reflects that it provides that the Department may only issue a certificate of eligibility to seal a criminal history record if certain criteria are met. The criterion set forth in subsection (2)(d) specifically provides that the applicant is not eligible to seal his criminal history record unless he has not been adjudicated guilty of committing any of the acts stemming from the arrest or any of the alleged criminal activity to which the petition to seal pertains. Although A.J.M. received a withhold of adjudication on the possession charge, the DUI and DWLS charges he was also arrested for and charged with still remain pending. A.J.M. therefore may be ultimately adjudicated guilty of one or moi'e of the acts stemming from the arrest.
 
 [4]
 
 The Department, therefore, correctly declined to issue A.J.M. a certificate of eligibility and the
 
 *710
 
 trial court properly denied A.J.M.’s petition to compel the Department to do so.
 

 Our reading of the following language in the introductory paragraph to section 943.059 does not alter our interpretation of the statute: “This section does not prevent the court from ordering the sealing of only a portion of a criminal history record pertaining to one arrest or one incident of alleged criminal activity.” This provision does not relate to the Department’s authority to issue a certificate of eligibility. The applicant is either eligible or he is not. What this provision does is it provides the trial court with discretion, even after a certificate of eligibility is issued by the Department, to seal “only a portion of a criminal history record pertaining to one arrest or one incident of alleged criminal activity.”
 

 Our current interpretation of the statute is consistent with this Court’s prior interpretation in
 
 Poleski v. State,
 
 371 So.2d 548 (Fla. 3d DCA 1979). In
 
 Poleski,
 
 the trial court ordered the unsealing of Poleski’s arrest record and court file, which had previously been sealed, because Poleski had been adjudicated guilty of one of the “acts” involved in his August 14, 1977 arrest. Poleski was arrested for DUI, as was A.J.M. A search conducted incident to the DUI arrest revealed that Poleski was in possession of a controlled substance, as was A.J.M. After completing a pre-trial intervention program, the possession charge was nolle prossed and Poleski obtained a court order sealing his arrest record and court file. The trial court, however, ordered that his record and file be unsealed upon learning that Poleski had been adjudicated guilty for the DUI. This Court affirmed, finding:
 

 Plainly, there were “several acts” involved in the defendant’s August 14, 1977 arrest. It is also clear that the d.u.i. charge was directly “related to” the possession offense which was nolle prossed. Since the nolle prosse did not include the d.u.i. offense, of which, to the contrary, the defendant was found guilty, the very terms of the statute demonstrate that he was not entitled to the relief sought.
 

 Id.
 
 at 550 (citation omitted).
 

 The
 
 Poleski
 
 court noted in a footnote the wisdom of this provision — that because both charges were incorporated in the same arrest affidavit, even the sealing of the felony charge would not eliminate the reference to the same charges in the unsealed county court file. We agree, and we take this observation one step further. The sealing of the circuit court file would not eliminate the reference to the felony charge in the misdemeanor/traffic county court file(s), thus defeating this purpose— to eliminate all record and references to the sealed arrest. The sealing of the resolved offenses prior to resolution of the related offenses could also have a direct and negative impact on the prosecution of the remaining charges, as the sealed record and file could deny the State and the defense with relevant information and evidence related to the remaining offenses.
 

 V Conclusion
 

 Because the trial court properly denied AJ.M.’s petition to compel the Department to issue a certificate of eligibility for sealing, we affirm the order under review.
 

 Affirmed.
 

 [1]
 

 .Section 943.059 provides in pertinent part as follows:
 

 (1) PETITION TO SEAL A CRIMINAL HISTORY RECORD. — Each petition to a court to seal a criminal history record is complete only when accompanied by:
 

 (a) A valid certificate of eligibility for sealing issued by the department pursuant to subsection (2).
 

 (b) The petitioner's sworn statement attesting that the petitioner:
 

 2.Has not been adjudicated guilty of or adjudicated delinquent for committing any of the acts stemming from the arrest or alleged criminal activity to which the petition to seal pertains.
 

 (2) CERTIFICATE OF ELIGIBILITY FOR SEALING. — Prior to petitioning the court to seal a criminal history record, a person seeking to seal a criminal history record shall apply to the [Department [of Law Enforcement] for a certificate of eligibility for sealing.... The department shall issue a certificate of eligibility for sealing to a person who is the subject of a criminal history record provided that such person:
 

 (a) Has submitted to the department a certified copy of the disposition of the charge to which the petition to seal pertains.
 

 (d) Has not been adjudicated guilty of or adjudicated delinquent for committing any of the acts stemming from the arrest or alleged criminal activity to which the petition to seal pertains.
 

 [2]
 

 . Subsections (l)(b)2 and (2)(d) are identical. Section 943.059(1) addresses the petition for a court to seal a criminal history record, whereas section 943.059(2) pertains to the application to the Department for a certificate of eligibility for sealing. The person petitioning a court to seal a criminal history record must first obtain a certificate of eligibility from the Department. § 943.059(l)(a) (providing that "[e]ach petition to a court to seal a criminal history record is complete only when accompanied by ... [a] valid certificate of eligibility for sealing issued by the department pursuant to subsection (2)”).
 

 [3]
 

 . The petition provides that A.J.M. "wishes to enter a nolo contendere to the pending charges in County Court. When he does so, because the driving under the influence charge mandates an adjudication, the defendant will loose [sic] his statutory eligibility to seal the record of his felony offense."
 

 [4]
 

 . Florida Rule of Criminal Procedure 3.140(a)(2) provides in part that “prosecutions for misdemeanors, municipal ordinances, and county ordinances may be by notice to appear issued and served pursuant to rule 3.125.” Rule 3.125 provides: "Unless indicated otherwise, notice to appear means a written order issued by a law enforcement officer
 
 in lieu of physical arrest
 
 requiring a person accused of violating the law to appear in a designated court or governmental office at a specified date and time.” (emphasis added). Therefore, a person applying to the Department for a certificate of eligibility may seek to either seal a criminal history record stemming from an arrest or a criminal history record stemming from alleged criminal activity in which the person was issued a notice to appear.