# Third District Court of Appeal

## State of Florida

Opinion filed August 15, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1651
Lower Tribunal No. 15-10355
_____

## The State of Florida Department of Law Enforcement,
Petitioner,

vs.

## Diana Elmufdi,
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Diane V. Ward, Judge.

Pamela Jo Bondi, Attorney General, and Carrol Y. Cherry Eaton, Senior Assistant Attorney General (Ft. Lauderdale), for petitioner.

Schwartz & Associates, and Jonathan S. Schwartz and Alina Morhaim, for respondent.

Before EMAS, FERNANDEZ and LUCK, JJ.

FERNANDEZ, J.

The State of Florida Department of Law Enforcement (FDLE) petitions this

Court for writ of certiorari to review the trial court's order compelling FDLE to

issue respondent Diana Elmufdi a certificate of eligibility for sealing. We agree with FDLE that the trial court's order granting respondent's motion to compel was a departure from the essential requirements of the law resulting in material injury that cannot be remedied on appeal. We thus grant the petition.

On May 19, 2015, respondent was arrested and charged with third-degree grand theft in Miami-Dade County, Florida. On March 25, 2016, respondent applied in the Miami-Dade case for a certificate of eligibility to seal her criminal history record with FDLE. FDLE notified respondent via letter dated August 16, 2016, that her application was denied because she failed to meet the statutory criteria to be eligible for sealing, as respondent had previously secured an expunction by the Broward County Circuit Court in a previous case on October 26, 2008. In that case, respondent had been arrested on July 12, 2006, and charged with petit theft. On November 12, 2015, respondent filed a motion to unseal the expunged record in the Broward case. The Broward Court granted the motion on November 20, 2015.

On September 13, 2016, even though FDLE had previously notified her it was denying her request for the certificate of eligibility, respondent filed in the Miami-Dade case a petition to seal criminal history record. Respondent stated in her petition that she had a sealed case in Broward County, but that this prior sealed case had been unsealed by order of the Broward County court. Thus, respondent

2

argued, this could not be counted as a prior expunction or sealing of a criminal history record. The Miami-Dade County trial court held a hearing and granted respondent's petition to seal her criminal history record on November 1, 2016.

However, FDLE wrote a letter dated December 5, 2016, whereby it returned the trial court's order to seal the criminal history record, pursuant to section 943.059(3)(d), Florida Statutes (2017), to the trial court, the state attorney on the case, and respondent's counsel because respondent did not obtain the certificate of eligibility that the statute required. The state attorney then filed in the Miami-Dade case a motion to vacate the order to seal. On January 10, 2017, the trial court granted the motion and entered an order vacating the order to seal.

Thereafter, on June 14, 2017, respondent filed a motion to compel FDLE to issue a certificate of eligibility in the Miami-Dade County case. Respondent admitted she moved to unseal the Broward County case so that she could seal the Miami-Dade case. The trial court granted the motion to compel and ordered FDLE to issue a certificate of eligibility. FDLE then filed this petition.[1]

In order for the FDLE to receive relief, it must demonstrate that the trial court's order constitutes a departure from the essential requirements of the law, which results in material injury that cannot be corrected on post-judgment appeal. Damsky v. Univ. of Miami, 152 So. 3d 789, 792 (Fla. 3d DCA 2014). We agree

_____

[1] FDLE filed a motion to stay the proceedings below, pending review by this Court, which the trial court granted.

3

with FDLE that the trial court's order compelling the FDLE to reissue the defendant a certificate of eligibility constitutes a departure from the essential requirements of law. FDLE cannot issue respondent a certificate of eligibility because she previously secured an expunction in the Broward case in 2008.

Section 943.059, Florida Statutes, titled, "Court-ordered sealing of criminal history records," controls the sealing of nonjudicial criminal history records.[2] Under the statute, the petition to seal a criminal history record must be accompanied by a valid certificate of eligibility for sealing issued by the FDLE. State v. D.H.W., 686 So. 2d 1331, 1334 (Fla. 1996). Thus, before petitioning the court to seal a criminal history record, a petitioner must apply to FDLE for a certificate of eligibility for sealing. § 943.059(2), Fla. Stat. (2017).

In addition, FDLE shall issue a certificate of eligibility for sealing to a person who is the subject of a criminal history record, only if the person has never secured a prior sealing or expunction of a criminal history record. § 943.059(2)(e), Fla. Stat. (2017); A.J.M. v. Florida Dept. of Law Enf't, 15 So. 3d 707, 709 (Fla. 3d DCA 2009). Section 943.059(1)(b)3, provides that in addition to a valid certificate of eligibility for sealing issued by the FDLE, each "petition to a court to seal a criminal history record is complete only when accompanied by "the petitioner's sworn statement attesting that the petitioner [h]as never secured a prior sealing or

_____

[2] The criminal history records of FDLE, a criminal justice agency, are nonjudical records. § 943.045(6), Fla. Stat. (2017).

4

expunction of a criminal history record under this section, s. 943.0585, former s. 893.14, former s. 901.33, or former s. 943.058." In respondent's case, she failed to meet this statutory criteria because she secured a prior criminal history record expunction when she applied to seal her records in the Broward County case in 2008, and her records were expunged pursuant to the court's order. In addition, when respondent filed her petition in Miami-Dade court, the petition could not, and did not, allege she "has never secured a prior sealing or expunction," as required by section 943.059(1)(a)3. She also could not, and did not, file an affidavit in support of the petition stating that she "has never secured a prior sealing or expunction," as required by section 943.059(1)(a)3. Accordingly, the trial court erred in compelling FDLE to issue respondent a certificate of eligibility.

Section 943.059 further states, "The court may only order sealing of a criminal history record pertaining to one arrest or one incident of alleged criminal activity, except as provided in this section." The statute makes no provision for unsealing a record once it has been sealed by order of the court. In addition, unsealing a record is not analogous to vacating an order to seal, for any executed order to seal has already provided a defendant or a party the benefit of the statute. Unsealing a record does not erase the fact that the petitioner "secured a prior sealing or expunction." The plain language of the statute provides that a party who has secured a prior sealing or expunction is ineligible to get a second sealing or

expunction. See § 943.059(2)(e), Fla. Stat. (2017). We believe this is true, notwithstanding the subsequent unsealing of the previous criminal history record for any purpose.

We are cognizant that Florida recognizes that the purpose of section 943.059 is to give the defendant a second chance. As the Florida Supreme Court stated in State v. D.H.W., 686 So. 2d 1331, 1336 (Fla. 1997), "By contrast, the policy of public access to old records must be weighed against the long-standing public policy of providing a second chance to criminal defendants who have not been adjudicated guilty." D.H.W. cited to State v. P.D.A., 618 So. 2d 282, 286 (Fla. 2d DCA 1993), wherein Judge Altenbernd, both dissenting and concurring, wrote:

> Just as public trial has a long tradition, the policy of giving people a second chance by sealing court files is not a novel idea. *See, e.g., Johnson v. State*, 336 So. 2d 93 (Fla. 1976) (courts have used discretion to seal their records from public view "from time immemorial").

Id. at 288 n. 6.

However, the statute in question does not "confer any right to the sealing of any criminal history record, and any request for sealing a criminal history record may be denied at the sole discretion of the court." § 943.059, Fla. Stat. (2017). Here, respondent has already had her second chance, when her criminal history record in the Broward County petit theft case was expunged in 2008. She was thereafter charged in 2015 with grand theft in the Miami-Dade case. The statute in

6

question does not provide for a second "second chance."  Accordingly, we grant the petition for writ of certiorari.

Petition granted; writ issued.