557 So.2d 640 (1990)
Paul FINIZIO, As Successor Personal Representative of the Estate of Julian Marx, Appellant,
v.
David SHUBOW, Marlow Shubow and Michael Shubow, Appellees.
No. 87-3168.
District Court of Appeal of Florida, Fourth District.
February 28, 1990.
Paul Finizio of Parrillo, Weiss & Moss, Miami, pro se.
Peggy Tribbett Gehl, Fort Lauderdale, for appellant.
Stephen M. Carlisle of Carlisle & LeCates, Fort Lauderdale, for appellees.
DOWNEY, Judge.
This appeal involves a final order of the circuit court, sitting in probate, which directed the delivery to appellees of certain securities allegedly pledged as collateral to secure the payment of an agreed final judgment. We affirm.
Appellees, David, Marion and Michael Shubow (the Shubows), filed a complaint against appellants, Julian Marx and various other corporate defendants. During the pendency of the suit, Marx died and the personal representative of his estate was substituted as a party in his place.
Prior to trial, on December 10, 1986, the parties entered into a settlement agreement, wherein they agreed to the entry of a final judgment against the defendant, Marx, et al., in favor of the Shubows for $1,230,000. However, the defendants were granted the right to satisfy the judgment for $625,000, plus interest, as long as a certain repayment schedule described in the agreement was adhered to by the defendants. The agreement provided further that the defendants would make a full disclosure of their assets via deposition and that, as quickly as it could be accomplished by counsel for the parties, the owners of all of the assets reflected in the deposition would convey to the Shubows perfected security interests in the amount of $1,230,000. The owners of said assets reserved the right to sell any of said assets encumbered by said security interests upon receipt by the Shubows of 75% of the consideration received therefor. Finally, the agreement provided that it was to be binding upon the parties, their heirs, and assignees; but, not withstanding, in the event of Julian Marx's death, his estate would be afforded a period of 150 days after his death in which to make full payment of any outstanding indebtedness.
After Marx's death in June, 1987, appellant, Paul Finizio, was appointed as successor personal representative of the estate. *641 Thereafter, the Shubows filed a claim against the estate to which no objection was filed. Later, the Shubows petitioned the court to enforce the settlement agreement by ordering the personal representative to deliver to them so much of the stock referred to in the settlement agreement as was necessary to perfect their security interest therein. From an order granting said motion appellant has perfected this appeal.
From the tenor of the settlement agreement, it is clear that the parties intended the Shubows were to receive from defendants security interests in defendants' assets equal to $1,230,000 to be retained by the Shubows until the defendants paid $650,000, according to the payment schedule contained in the settlement agreement, or paid the judgment for $1,230,000, except as prepayments were made for sales by the defendants of the pledged stock during the interim.
The record reflects that the Shubows timely filed a claim as a secured creditor in the estate proceeding, which was never objected to by the personal representative. Furthermore, it should be noted that the settlement agreement was to be binding upon the heirs and assigns of the parties.
Appellant contends that no security interest is present in this case, since the security interest was never perfected by transfer to and possession of the security by the secured party as indicated in sections 678.321(1) and 678.313(1), Florida Statutes (1987). Since appellees were not in possession of the shares of stock on the date of Marx's death, appellant submits that their judgment was not a perfected security interest and, thus, does not fall within the exception to section 733.706 (stating that the enforcement of security interests encumbering specific property will not be prevented by that section). However, for purposes of determining what is a security interest under the probate code, section 731.201, Florida Statutes (1987), refers to the definition of a security interest contained in the Uniform Commercial Code at section 671.201, Florida Statutes (1987), where it is defined as:
"Security interest" means an interest in personal property or fixtures which secures payment or performance of an obligation.
Thus, it would appear that, under the settlement agreement, the Shubows were given a security interest although it was not fully perfected because the stock certificates were not delivered to the Shubows. Nevertheless, the Uniform Commercial Code comment to section 678.321(1) provides that, even though the security interest is not perfected, it is a viable and enforceable interest. Specifically, said comment states:
Subsection (1) provides that an effective transfer under Section 8-313(1) is an essential element to the creation of an enforceable security interest. Under present Section 9-203(1), an enforceable security interest can be created without possession if there is a written security agreement signed by the debtor. Under this revision, Section 9-203(1) is expressly made subject to this section.
Furthermore, section 679.203(1) provides:
(1) Subject to the provisions of s. 674.208 on the security interest of a collecting bank, s. 678.321 on security interests in securities, and s. 679.113 on a security interest arising under the chapter on sales, a security interest is not enforceable against the debtor or third parties with respect to the collateral and does not attach unless:
(a) The collateral is in the possession of the secured party pursuant to agreement, or the debtor has signed a security agreement which contains a description of the collateral... .
It therefore appears that the Shubows' claim filed in the estate proceeding is not a Class 7 claim under the probate code as contended for by appellant and that appellant is not in a position now to object if it were.
Finally, appellant argues at some length that the Shubows cannot prevail here because there is no evidence of any default regarding the payments due under the settlement agreement and that the right to execution under either the probate code or *642 the settlement agreement is not available to the Shubows. The obvious response to those arguments is that the Shubows are not by these proceedings attempting to execute on anything; they simply seek what the settlement agreement promised them, i.e., a perfected security interest in the stock in question. There is, of course, a vast difference between these types of relief.
Accordingly, the order appealed from is affirmed.
STONE and POLEN, JJ., concur.