370 So.2d 1187 (1979)
Domingo VEGA, Appellant,
v.
Thomas W. HUGHES, Individually, and American Home Furniture Company, Appellees.
No. 78-2143.
District Court of Appeal of Florida, Fourth District.
April 4, 1979.
Rehearing Denied May 16, 1979.
Larry Morgan, Greater Orlando Area Legal Services, Inc., Orlando, for appellant.
*1188 Bernard C. O'Neill, Jr. and James B. Bogner of O'Neill, Dyer & Bogner, P.A., Orlando, for appellees.
ANSTEAD, Judge.
This appeal involves the construction of Florida statutes authorizing pre-judgment replevin.
In response to a complaint filed by appellant alleging improper collection practices, appellees, Thomas W. Hughes and American Home Furniture Company, counterclaimed seeking possession of personal property by virtue of appellant's alleged default under a conditional sales contract. In conjunction therewith, appellees sought a writ of replevin. An order to show cause was thereafter issued and a hearing was held on September 15, 1978. The order to show cause specifically provided that the appellants:
may appear personally or by way of an attorney and present testimony at his behalf at the time of the hearing... .
Notwithstanding this provision of the order the trial court refused to allow the appellant to present testimony at the hearing and ordered the writ of replevin to issue upon the posting by American Home of a $1,000.00 bond.
Appellant claims the trial court erred in refusing to hear testimony and in setting the amount of the bond. We agree and reverse. The provisions of the order to show cause and those of Section 78.065(2)(e), Florida Statutes (1975) granted the appellant the right to present testimony at the subsequent hearing. Presumably, it was because of the mandate of Section 78.065(2)(e) that the provisions authorizing testimony were included in the show cause order. In any case, it was error for the trial court to thereafter deny the appellant the right to present testimony.
We also agree with appellant that Section 78.068(3) is applicable and requires that the bond be set in the amount of twice the value of the goods replevied or twice the balance due on the debt, whichever is lesser. Using these provisions as guidelines, there is no evidence in the record to support the trial court's conclusion that bond should be posted in the amount of $1,000.00.
Accordingly, in order to provide appellant the opportunity to present testimony at the show cause hearing, and for the setting of the bond under the appropriate statutory guidelines, this cause is hereby reversed and remanded to the trial court for further proceedings consistent with this opinion.
MOORE and BERANEK, JJ., concur.