430 So.2d 1003 (1983)
WAITE AIRCRAFT CORP., Jeffrey B. Waite and Loren D. Waite, Appellants,
v.
FORD MOTOR CREDIT COMPANY, Appellee.
No. 83-357.
District Court of Appeal of Florida, Fourth District.
May 11, 1983.
Norman D. Zimmerman, Pompano Beach, for appellants.
Jeffrey Allan Hirsch and Ronald F. Shapiro of Holland & Knight, Fort Lauderdale, for appellee.
DELL, Judge.
Waite Aircraft Corp., Jeffrey Waite and Loren Waite appeal from an order denying their motion to dissolve a prejudgment writ of replevin. This Court has jurisdiction because *1004 this non-final order determined the right to immediate possession of property. Fla.R.App.P. 9.130(a)(3)(C)(ii).
Appellee Ford Motor Credit Company requested a prejudgment writ of replevin to regain possession of certain heavy equipment leased to appellants. The trial court issued the writ, conditioned upon appellee posting a $220,000 bond. Appellants moved to dissolve the writ on the grounds that appellee's motion for prejudgment writ of replevin and supporting affidavit failed to meet the statutory requirements for issuance, and that the bond had been set without an evidentiary basis. The trial court ruled that appellee did meet the statutory requirements for issuance of the writ and denied the motion to dissolve.
The trial court properly issued the prejudgment writ of replevin. Appellee demonstrated its right to issuance of the writ based on appellant's failure to make payments as agreed under the lease. Section 78.068(2), Florida Statutes (1981). Appellants did not contradict the allegations of failure to pay and so were not entitled to dissolution of the writ. § 78.068(6), Fla. Stat. (1981). We affirm the denial of appellant's motion to dissolve.
However, we must remand for an evidentiary hearing on the amount of bond required to maintain the writ in effect. The only record evidence of the property's value consists of a lis pendens stating the value to be "in excess of" $110,000. In the absence of a transcript of the bond hearing or some other supporting evidence of value, we cannot determine whether the trial court properly set the amount of the prejudgment replevin bond at $220,000. Vega v. Hughes, 370 So.2d 1187 (Fla. 4th DCA 1979).
Accordingly, we affirm the denial of appellants' motion to dissolve the prejudgment writ of replevin and remand for an evidentiary hearing on the amount of bond required to continue the writ in force.
AFFIRMED and REMANDED.
ANSTEAD and GLICKSTEIN, JJ., concur.