462 So.2d 564 (1985)
LEASE FINANCING CORPORATION, Appellant,
v.
NATIONAL COMMUTER AIRLINES, INC. and National Aircraft Systems, Inc., Appellees.
Nos. 84-812, 84-1030.
District Court of Appeal of Florida, Third District.
January 15, 1985.
*565 Morgan, Lewis & Bockius and Lowell L. Garrett and John A. Bussian III, Miami, for appellant.
Finley, Kumble, Wagner, Heine, Underberg, Manley & Casey and Gregory P. Borgognoni and J. Michael Nifong, Miami, for appellees.
Before NESBITT, BASKIN and FERGUSON, JJ.
NESBITT, Judge.
Lease Financing Corporation (LFC) appeals an interlocutory order which dissolved a prejudgment writ of replevin and required LFC to turn over to National Commuter Airlines (NCA) an aircraft and its records. We have jurisdiction. Fla.R. App.P. 9.130(a)(3)(C)(ii). We reverse.
Pursuant to an installment sales contract entered into on June 29, 1983, NCA purchased from LFC an aircraft known as the "486 aircraft." As part of the sales agreement NCA agreed to give LFC a security interest in a collateral aircraft known as the "274 aircraft." NCA defaulted on its payments beginning in October 1983. Pursuant to the agreement, LFC attempted to repossess the 486 aircraft and the 274 aircraft as well as the records pertaining to each.
Although LFC was successful in gaining possession of the two aircraft and some of the records, it failed to obtain all the records and parts of the aircraft. LFC, therefore, filed a verified complaint for replevin pursuant to section 78.055, Florida Statutes (1983), seeking possession of the 274 aircraft and all the records and parts of the 274 aircraft and the 486 aircraft. Based upon the verified complaint, a prejudgment writ of replevin was issued pursuant to section 78.068, Florida Statutes (1983).
Within ten days of the service of the writ, NCA filed a contradictory motion with the court seeking dissolution of the writ. See § 78.068(6), Fla. Stat. (1983). The cause proceeded to hearing where LFC rested on its verified complaint and two affidavits. NCA cross-examined the two affiants who were present at the hearing, but put on no witnesses of its own. Following the hearing, the trial court entered an order dissolving the prejudgment writ of replevin as to the 274 aircraft and its records. LFC appeals the propriety of this dissolution.
*566 We are not the first to recognize that chapter 78 of the Florida Statutes, dealing with replevin, is not a model of clarity and draftsmanship. See Weigh Less For Life, Inc. v. Barnett Bank of Orange Park, 399 So.2d 88 (Fla. 1st DCA 1981); Williams, Prejudgment Remedies, 31 U.Miami L.Rev. 1165 (1977). What is clear, however, is that a prejudgment writ of replevin may issue if the court finds that the defendant has failed to make payments as agreed. Landmark First National Bank of Fort Lauderdale v. Beach Bait & Tackle Shop, Inc., 449 So.2d 1287 (Fla. 4th DCA 1983); Waite Aircraft Corp. v. Ford Motor Credit Co., 430 So.2d 1003 (Fla. 4th DCA 1983); § 78.068(2), Fla. Stat. (1983). It is undisputed in the present case that NCA has failed to make payments to LFC that it agreed to make pursuant to the installment sales agreement. It necessarily follows that it was error for the court to dissolve the prejudgment writ of replevin. See Beach Bait & Tackle Shop.
LFC's verified complaint for replevin contained all the requisites of section 78.055, including a statement that LFC was entitled to possession of the sought-after property pursuant to the installment sales contract. See § 78.055(2), Fla. Stat. (1983). A copy of the contract was attached to the complaint. Paragraph 14A and B of the contract gave LFC the right to take immediate possession of the 274 aircraft upon default by NCA. In addition, LFC had the right to possession of all records and papers relating to the aircraft upon default under paragraphs 7A and 13A(v) of the contract. The amount of the debt owed under the contract was alleged to be $280,000 and LFC posted an appropriate bond of $560,000. § 78.068(3), Fla. Stat. (1983).[1] Both the verified complaint and the affidavit of LFC's vice president, relied upon by LFC at the dissolution hearing, established that NCA had defaulted on the agreement by its failure to make four separate installment payments which were past due. NCA did not contradict the allegations of failure to pay and so it was not entitled to dissolution of the writ. See Waite Aircraft Corp.
NCA complains to this court, as it did to the trial court, that LFC is over-collateralized and, therefore, the prejudgment writ was properly dissolved with respect to the 274 aircraft and its records. NCA argues that the 486 aircraft, already in the possession of LFC, has a value far in excess of the debt allegedly owed and that, therefore, LFC has no right to possession of the 274 aircraft. We disagree.
NCA entered into an installment sales agreement with LFC for the purchase of an aircraft. In order to get satisfactory financing, NCA agreed to grant LFC a security interest in both the aircraft being purchased and the 274 aircraft which NCA already owned. As part of that agreement, NCA granted LFC the right to take immediate possession of the two aircraft and their records in the event of a default. Nothing in the contract provides for the release of these rights or a reduction in the security interest upon partial payment or any other event other than full payment; nor does the contract provide that the value of the aircraft or the debt owing has any effect on LFC's right to possession of the aircraft and their records in the event of a default by NCA. The parties are bound by the contract they freely entered.
Further, we find the law does not prohibit a secured creditor from taking possession of property he has a contractual right to possess pending the outcome of a suit, regardless of its value. Cf. § 679.503, Fla. Stat. (1983) ("a secured party has on default the right to take possession of the collateral"). In fact, it appears that the value of the collateral is irrelevant in the *567 determination of whether a prejudgment writ of replevin is properly issued and is only relevant for the limited purpose of setting bond.[2]See Waite Aircraft Corp.
The dissenting opinion in Beach Bait & Tackle Shop expressed the view that a debtor in default should not be subject to automatic replevin of secured goods, but rather the party in whose possession the collateral will retain the most value should be used as the basis for determining whether a prejudgment writ of replevin should be issued. 499 So.2d at 1288 (Anstead, C.J., dissenting on denial of petition for rehearing). This view was obviously not adopted by the majority. The supreme court responded to a similar concern in Gazil, Inc. v. Super Food Services, Inc., 356 So.2d 312, 313 n. 4 (Fla. 1978), where, in holding the prejudgment replevin statute constitutional, the court noted:
Gazil argues that the legislation impermissibly allows a mere default in payments as a ground for replevin. See § 78.068(2), Fla. Stat. (Supp. 1976). We do not see in Mitchell [v. W.T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974)] or any subsequent Supreme Court decision a limitation on the state's right to identify the circumstances which are appropriate for replevin. See North Georgia Finishing, Inc. v. DiChem, Inc., 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975).
See also Waite Aircraft Corp.
The cases relied upon by NCA are inapposite at this point in the proceedings. We agree with the cases cited by NCA, that the value of the collateral is relevant at the final judgment stage of the proceedings. See J.E. Joyner, Inc. v. Ettlinger, 382 So.2d 27 (Fla. 1st DCA 1979), appeal after remand, 421 So.2d 656 (Fla. 1st DCA 1982); Modine Manufacturing Co. v. Israel, 294 So.2d 369 (Fla. 3d DCA), cert. denied, 303 So.2d 644 (Fla. 1974). See also Lazzari v. Gordon, 214 So.2d 102 (Fla. 3d DCA 1968). This case, however, is at the prejudgment stage.[3] An order upholding or dissolving a prejudgment writ of replevin following a hearing held pursuant to section 78.068(6), is not a final determination of ownership, but merely determines which party is entitled to possession of the disputed property pending final adjudication of the claims of the parties. Weigh Less for Life.
If NCA ultimately obtains a final judgment in its favor it has a remedy under section 78.21, Florida Statutes (1983). In addition, this section specifically provides that it does not preclude any other remedies available under the laws of this state. Thus, NCA can also take advantage of any remedies available under chapter 679, Florida Statutes (1983) or under general tort law as it exists in this state.
Accordingly, the order dissolving the prejudgment writ of replevin is reversed and the cause remanded for further proceedings.
NOTES
[1] Under section 78.068(3), LFC was required to post a bond "in the amount of twice the value of the goods subject to the writ or twice the balance remaining due and owing, whichever is lesser." LFC posted bond in twice the amount of the balance remaining due. NCA does not dispute that the bond was posted in the proper amount. In fact, NCA's whole argument is premised on the fact that the debt owed is less than the value of the property subject to the writ.
[2] See supra note 1.
[3] In Joyner, relied upon by NCA, the court specifically indicated that the secured party had the right to possession of the collateral at the prejudgment stage, 382 So.2d at 30, despite the fact that the value of the collateral exceeded the amount of the lien, 421 So.2d at 657.