570 So.2d 366 (1990)
TRANSTAR CORPORATION, f/k/a Era Consolidated, and D/B/a Era Leisure Products, Appellant,
v.
INTEX RECREATION CORP., Appellee.
No. 90-0475.
District Court of Appeal of Florida, Fourth District.
November 7, 1990.
Rehearing and Rehearing Denied December 19, 1990.
L. Anton Rebalko of Law Offices of L. Anton Rebalko, P.A., Fort Lauderdale, for appellant.
Hilarie Bass and William T. Hess of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, for appellee.
Rehearing and Rehearing En Banc Denied December 19, 1990.
HERSEY, Chief Judge.
Transtar Corporation appeals a non-final order denying its Motion to Dissolve Prejudgment Writ of Replevin. We affirm.
*367 After appellant purchased certain goods from appellee but failed to pay, appellee successfully sought replevin of the goods. The trial court denied appellant's Motion to Dissolve Prejudgment Writ of Replevin. It is appellant's position on appeal that replevin does not lie in the absence of a security interest or other independent possessory interest in the goods sought to be replevied. This is clearly wrong. The applicable statute is section 78.068, Florida Statutes (1989), which authorizes the issuance of a prejudgment writ of replevin where "the defendant has failed to make payment as agreed." We have previously applied this statute in accordance with the position taken by appellee in this case. Landmark First Nat'l Bank of Fort Lauderdale v. Beach Bait & Tackle Shop, Inc., 449 So.2d 1287 (Fla. 4th DCA 1983), rev. denied, 459 So.2d 1039 (Fla. 1984); Waite Aircraft Corp. v. Ford Motor Credit Co., 430 So.2d 1003 (Fla. 4th DCA 1983); Lease Financing Corp. v. Nat'l Commuter Airlines, Inc., 462 So.2d 564 (Fla. 3d DCA 1985).
Accordingly, we affirm.
AFFIRMED.
WALDEN and STONE, JJ., concur.