PER CURIAM.
Appellants/Defendants/Brasseria La Ca-pannina, Inc. and Vita Murphy (Tenants) appeal an interlocutory order denying Tenants’ Motion to Dissolve a Distress Writ. We reverse.
We agree with the Tenants’ assertion that the distress for rent statute, section 83.12, Florida Statutes, is facially unconstitutional. The statute violates due process because the issuance of the distress writ is a mere ministerial act which affords the trial judge with no discretion to permit an impartial factual determination of the need for the writ.
The Florida Supreme Court, in holding that the prior distress for rent statute was unconstitutional, stated:
... it is constitutionally imperative that a writ issue only after an impartial factual determination is made concerning the existence of the essential elements necessary for issuance of the writ. Consequently, a writ must be issued by a judicial officer based upon a prima facie showing rather than pro for-ma by the clerk of court, unless the initial pleading is made under oath to a clerk who makes an independent factual determination that the requirements of the statute have been complied with. Only then can the individual have his use and enjoyment of the property protected from arbitrary encroachment. Under Section 83.12, Florida Statutes, the distress writ is issued by the clerk based upon an unverified complaint without the necessity of a preliminary factual determination as to the validity of the claim (emphasis added).
Phillips v. Guin & Hunt, Inc., 344 So.2d 568, 574 (Fla.1977).
The prior version of section 83.12 provided, in pertinent part:
On filing the complaint, the clerk shall issue a distress writ commanding the sheriff to levy on property liable to be distrained for rent ...
After Phillips section 83.12 was amended to read as follows:
A distress writ shall be issued by a judge of the court which has jurisdiction of the amount claimed.
The prior version of the statute required only that the complaint “allege the amount or quality and value of the rent due for such land ...” while the present version of the statute requires the complaint to “allege the name and relationship of the defendant to the plaintiff, how the obligation *194 for rent arose, the amount or quality and value of the rent due for such land, etc. ... ”. Although no reported opinion in Florida has passed upon the constitutionality of the post-Phillips version of the distress statute, two federal opinions lead this Court to conclude that Florida’s distress for rent statute is unconstitutional.
In Johnson v. American Credit Co. of Georgia, 581 F.2d 526 (5th Cir.1978), the statute at issue stated that when the party seeking a writ of attachment submits “an affidavit before some judge of the superior court, judge of the county court, judge of the city court, magistrate, justice of the peace, or clerk of any court of record,” the officer has a “duty ... to issue an attachment against the defendant.” Id. at 531. In holding that the statute was unconstitutional, the Fifth Circuit stated:
It seems clear, then, that due process requires that a prejudgment seizure be authorized by a judge who has discretion to deny issuance of the appropriate writ. Because the Georgia prejudgment attachment scheme does not provide this procedural guarantee, we hold that it is facially unconstitutional (emphasis added).
Id. at 534.
In Wyatt v. Cole, 710 F.Supp. 180 (S.D.Miss.1989), the statute provided “that an action in replevin will be commenced:
If any person, his agent or attorney, shall file a declaration under oath setting forth:
* # * * * *
(e) That the defendant wrongfully took and detains or wrongfully detains the same; and shall present such pleadings to a judge of the supreme court, a judge of the circuit court, a chancellor, a county judge, a justice of the peace or other duly elected judge, such judge shall issue an order directing the clerk of such court to issue a writ of replevin for the seizure of the property described in said declaration, upon the plaintiff posting a good and valid replevin bond in favor of the defendant, for double the value of the property as alleged in the declaration, conditioned to pay any damages which may arise from the wrongful seizure of said property by the plaintiff
[[Image here]]
(Emphasis supplied by the Court).” 710 F.Supp. at 181-182 (citing Miss.Code Ann. § 11-37-101 (1988 Supp.)). The court held that the statute “does not provide such safeguards of procedure as are required by the Due Process Clause of the Fourteenth Amendment” and stated:
The Mississippi replevin under bond statute provides no discretion to the judge to deny a writ of replevin on presentation of a complaint in the statutory form. By the terms of the statute, the judge “shall” grant whatever is presented. The required protections of judicial determination of the validity of the complaint, which are present in Mississippi’s Claim and Delivery statutes, are absent (emphasis added).
Id. at 182-183.
Similarly, in the instant case, the distress statute directs that the judge “shall” issue the writ. Pursuant to section 83.12, as long as the complaint identifies the parties, the amount of rent due, and explains how the obligation for rent arose, the judge has no discretion to deny the writ. Furthermore, the distress statute does not require the judge to make an impartial factual determination, as required by Phillips, concerning the validity of the complaint.
Thus, because section 83.12 provides no discretion to the judge to deny a request for a distress writ and directs that the judge shall issue the writ, we hold the statute violates due process and is, therefore, facially unconstitutional.
REVERSED AND REMANDED.
GUNTHER and POLEN, JJ., concur.
STONE, J., dissents with opinion.