587 So.2d 474 (1991)
COMCOA, INC., Appellant,
v.
The Honorable Jack M. COE, County Court Judge, Appellee.
No. 91-735.
District Court of Appeal of Florida, Third District.
July 30, 1991.
Rehearing Denied November 13, 1991.
*475 Gary S. Gostel, Miami, for appellant.
Robert A. Ginsburg, County Atty. and Roy Wood, Asst. County Atty., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and GERSTEN, JJ.
SCHWARTZ, Chief Judge.
We hold in this case that upon the satisfaction of the statutory prerequisites for a writ of replevin without notice pursuant to section 78.068, Florida Statutes (1989), the trial court is mandatorily required to issue the writ in accordance with that provision.
The case began in the Dade County Court when the appellant, Comcoa, sought to replevin furniture it had leased because the required rental payments had not been made. Although Comcoa's papers fully complied with the requirements of section 78.068,[1] including a verified allegation "that the defendant has failed to make payment as agreed" under 78.068(2) and the bond required by 78.068(3), the county court judge declined, for no stated reason, to issue the writ. Instead, he ordered the plaintiff to submit an order setting the application for subsequent hearing before the court, after notice to the defendant, as is prescribed under 78.065[2] and *476 78.067,[3] Florida Statutes (1989). At that point, Comcoa filed a petition for writ of mandamus in the circuit court to require the county court judge to perform the duty to issue the writ without notice under 78.068. Sua sponte, the circuit court dismissed the application on the ground that the issuance of the writ was only a discretionary act by the trial judge as to which, under familiar principles, mandamus would not lie.[4] Compare, e.g., Sandegren v. State ex rel. Sarasota County Pub. Hosp. Bd., 397 So.2d 657 (Fla. 1981) (mandamus lies to compel performance of clear legal duty) with Moneyhun v. Purdy, 258 So.2d 505 (Fla. 3d DCA 1972) (mandamus not available to compel discretionary act). See generally 35 Fla.Jur.2d Mandamus and Prohibition §§ 30-34 (1982). We find to the contrary that the issuance of the writ by the trial court under 78.068 is mandatory or ministerial in nature and that mandamus not only lies but must in this case be issued in order to require the performance of that duty.
There seems to be no question that, under the scheme embodied in the present version of Florida's replevin statutes, the plaintiff-creditor is granted an unreviewable election of two alternative procedural methods to replevin its property upon nonpayment:
The replevin statute enables the attorney to choose between two separate and distinct procedures. Under F.S. 78.055 and *477 78.075, a mini-trial known as a "show cause hearing" must occur before a replevin writ will issue. Under F.S. 78.068 the replevin writ is issued without notice or a "show cause hearing." The creditor, however, is required to post a bond.
Basic Creditors' and Debtors' Rights in Florida, The Florida Bar, CLE § 3.95 (1988). There is no doubt either of (a) the desirability under some circumstances of proceeding without notice under 78.068 so as to avoid the very real chance that the personalty in question will disappear before the matter may be heard or (b) in view of the bond requirement and the remedies provided by sections 78.068(4), 78.068(6) and 78.20, for the recovery of improperly replevined property, that 78.068 is constitutionally valid, Gazil, Inc. v. Super Food Services, Inc., 356 So.2d 312 (Fla. 1978),[5] and fully enforceable in accordance with its clear terms. Transtar Corp. v. Intex Recreation Corp., 570 So.2d 366 (Fla. 4th DCA 1990); ITT Commercial Finance Corp. v. DDD Appliance Serv. & Sales, Inc., 509 So.2d 341 (Fla. 2d DCA 1987); Lease Financing Corp. v. National Commuter Airlines, Inc., 462 So.2d 564 (Fla. 3d DCA 1985); Landmark First Nat'l Bank v. Beach Bait and Tackle Shop, Inc., 449 So.2d 1287 (Fla. 4th DCA 1983), pet. for review denied, 459 So.2d 1039 (Fla. 1984); Waite Aircraft Corp. v. Ford Motor Credit Co., 430 So.2d 1003 (Fla. 4th DCA 1983).
The appellee claims, however, that, notwithstanding compliance with 78.068, the trial court retains discretion as to whether or not to issue the prejudgment writ without notice so that mandamus may not be employed to require the lower court to do so. See, e.g., Green v. Walter, 161 So.2d 830 (Fla. 1964). This argument is in turn based entirely on the fact that 78.068(2) provides not that the writ of replevin shall be issued, but rather that it "may issue if the court finds [that the statutory requirements have been fulfilled]." This contention is wrong.
(a) Of primary importance in this determination is the conclusion that, in a statute such as this one, the term "may," which indeed ordinarily implies the exercise of choice or discretion, simply does not do so, and must, in contrast, be given a definition equivalent to the mandatory "shall." It is well-settled that, according to the context and surrounding circumstances, a statutory "shall" is to be read as "may" and vice versa. See Allied Fidelity Ins. Co. v. State, 415 So.2d 109 (Fla. 3d DCA 1982), and cases cited. Specifically,
an imperative obligation is sometimes regarded as imposed by a statutory provision notwithstanding that it is couched in permissive, directory, or enabling language. Thus where a statute says a thing that is for the public benefit `may' be done by a public official, the courts may construe it to mean that it must be done. Permissive words in a statute respecting courts or officers are said to be imperative in those cases where the individuals affected have a right that the power conferred be exercised.

49 Fla.Jur.2d Statutes § 18 (1984) (emphasis supplied) (footnotes omitted). The provisions of section 78.068(2) clearly fall within the latter category. This was the clear holding of Weston v. Jones, 41 Fla. 188, 25 So. 888 (1899). Weston dealt with a provision of the attachment statute conceptually indistinguishable from the one we now consider. Section 1656, Revised Statutes (1892) provided that, under stated conditions, the judge "may, upon application of either party require formal pleadings... ."[6]Weston v. Jones, 41 Fla. at *478 192, 25 So. at 890. The court held this provision was not discretionary:
The judge of the court below refused the motion in this case, evidently believing that the use of the word "may" invested him with a discretion as to whether he should require the filing of pleadings in such cases; but we entertain a contrary opinion. It is a familiar rule that, when a statute directs the doing of a thing for the sake of justice, the word "may" means the same as "shall." Mitchell v. Duncan, 7 Fla. [13] 14. Again, permissive words in a statute respecting courts or officers are imperative in those cases where individuals have a right that the power conferred be exercised. Suth.St. Const. §§ 461, 462. Viewed in this light, we think the word "may" in this section is not used in the sense of giving the courts or judges a discretion to refuse an application of this character, seasonably made, in cases where the issues have not already been made up in the main suit, but to confer authority upon the court to require such pleadings when duly applied for. Macdougall v. Paterson, 11 C.B. 755. In this case the defendant had filed no answer to the bill of complaint, and no issues had been made up in the foreclosure suit, as to the debt or sum demanded. Either party was therefore, under the statute, entitled to an order requiring formal pleadings upon demand therefor seasonably made.
Weston, 41 Fla. at 194-95, 25 So. at 890 (emphasis supplied); accord Williamson v. State, 510 So.2d 1052 (Fla. 3d DCA 1987) (provision that "courts may order" sealing of file properly read as mandatory); see also Seaboard Air Line R.R. v. Wells, 100 Fla. 1027, 130 So. 587 (1930); Little River Bank & Trust Co. v. Johnson, 105 Fla. 212, 141 So. 141 (1932). This language alone requires reversal here.
(b) Our position that the word "may" is properly given a mandatory meaning as a matter of an appropriate interpretation of the will of the legislature, the object of every process of statutory construction, State ex rel. Bie v. Swope, 159 Fla. 18, 30 So.2d 748 (1947), is strengthened by the title of 78.068 in its original form. See State v. Webb, 398 So.2d 820 (Fla. 1981) ("title ... is direct statement by legislature of its intent"); Berger v. Jackson, 156 Fla. 251, 23 So.2d 265 (1945) (same). Chapter 76-19, Laws of Florida, was titled:
AN ACT relating to replevin; creating s. 78.068, Florida Statutes, providing for the issuance of a prejudgment writ of replevin upon a certain showing by the petitioner and the posting of a bond; providing that the defendant or petitioner may obtain release of property subject to such writ upon furnishing certain security; requiring such writ to be issued by a circuit or county court judge and permitting a defendant to obtain a dissolution of such writ upon a failure of the petitioner to make a certain showing; amending s. 78.20, Florida Statutes, providing for damages and attorney's fees... .
Ch. 76-19, Laws of Fla.
This language establishes that the use of the word "may" in 78.068 was, as Weston v. Jones states, merely a means of conferring authority upon the court to require the issuance of the writ "when duly applied for." Weston, 41 Fla. at 195, 25 So. at 890.
(c) Perhaps most important of all in our conclusion that the issuance of the writ is not discretionary, is the total inability of the appellee to suggest, or of us to imagine, any cognizable or appropriate basis upon which the discretion of the court *479 could properly be exercised to deny the relief sought. Williamson v. State, 510 So.2d at 1054. Surely, it cannot be, as the appellee's attorney suggests, the judge's own belief that it would be "more equitable" or "better" to proceed only after notice. Such a claim is profoundly unacceptable. While a judge of course may disagree with a particular statute, he or she is not free to refuse to enforce it on any such ground. City of Jacksonville v. Bowden, 67 Fla. 181, 64 So. 769 (1914), 13 Fla.Jur.2d Courts and Judges § 122 (1979). Under the appellee's view, the court would be permitted to deny the required relief based on no more than a personal desire not to do so. It need hardly be said that in a government of laws and not persons such a conclusion may not be countenanced. Since, then, there is no basis for an exercise of discretion to deny the writ, there can be no ability to deny it at all. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Arango v. Arango, 450 So.2d 583 (Fla. 3d DCA 1984).[7]
Finally, the appellee suggests that mandamus itself is only a "discretionary" writ, and that the circuit court should not therefore be reversed for denying that petition. For precisely the same reasons we have already discussed, however, we conclude that there is no lawful basis for the writ of mandamus to have been denied. As is said in 35 Fla.Jur.2d Mandamus and Prohibition § 14:
The discretion resting in the court to grant or deny a writ of mandamus is not an arbitrary one but a judicial or legal discretion, regulated by established rules of law. It connotes the exercise of opinion and judgment circumscribed by law, and where the right is indisputable, there is no room for the exercise of discretion other than in keeping with the law. (footnotes omitted)
Accordingly, the judgment below is reversed and the cause remanded to the circuit court for the issuance of a writ of mandamus commanding the county court *480 to issue the prejudgment writ of replevin without notice under section 78.068, Florida Statutes (1989).
Reversed and remanded.
NOTES
[1] 78.068 Prejudgment writ of replevin. 

(1) A prejudgment writ of replevin may be issued and the property seized delivered forthwith to the petitioners when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from specific facts shown by the verified petition or by separate affidavit of the petitioner.
(2) This prejudgment writ of replevin may issue if the court finds, pursuant to subsection (1), that the defendant is engaging in, or is about to engage in, conduct that may place the claimed property in danger of destruction, concealment, waste, removal from the state, removal from the jurisdiction of the court, or transfer to an innocent purchaser during the pendency of the action or that the defendant has failed to make payment as agreed.
(3) The petitioner must post bond in the amount of twice the value of the goods subject to the writ or twice the balance remaining due and owing, whichever is lesser as determined by the court, as security for the payment of damages the defendant may sustain when the writ is obtained wrongfully.
(4) The defendant may obtain release of the property seized under a prejudgment writ of replevin by posting bond within 5 days after serving of the writ in the amount of one and one-fourth the amount due and owing on the agreement for the satisfaction of any judgment which may be rendered against him.
(5) A prejudgment writ of replevin shall issue only upon the signed order of a circuit court judge or a county court judge.
(6) The defendant, by contradictory motion filed with the court within 10 days after service of the writ, may obtain the dissolution of a prejudgment writ of replevin unless the petitioner proves the grounds upon which the writ was issued. The court shall set down such motion for an immediate hearing. This motion shall be in lieu of the provisions of subsection (4). [e.s.]
[2] 78.065 Order to show cause; contents. 

(1) The court without delay shall examine the complaint filed; and, if on the basis of the complaint and further showing of the plaintiff in support of it the court finds that the defendant has waived in accordance with s. 78.075 his right to be notified and heard, the court shall promptly issue an order authorizing the clerk of the court to issue a writ of replevin.
(2) If, upon examination of the complaint filed and on further showing of the plaintiff in support of it, the court finds that the defendant has not waived in accordance with s. 78.075 his right to be notified and heard, the court shall promptly issue an order directed to the defendant to show cause why the claimed property should not be taken from the possession of the defendant and delivered to plaintiff. Such order shall:
(a) Fix the date and time for hearing on the order. However, the date for the hearing shall not be set sooner than 5 days after the service of the order.
(b) Direct the time within which service of the order and the complaint shall be made upon the defendant.
(c) Fix the manner in which service of the order shall be made on the defendant. The order shall direct that service as provided by law shall be made on the defendant if such service is possible or, in the event the officer serving the order is unable to serve such defendant as provided by law within the time specified in paragraph (b), that the officer shall place the order, together with the summons, on or in the claimed property or on the main entrance of the defendant's residence. The officer's return shall state that the officer was unable to locate the defendant and how the order was served.
(d) State that the nonpersonal service as provided herein shall be effective to afford notice to the defendant of the show-cause order, but for no other purpose.
(e) State that the defendant has the right to file affidavits on his behalf with the court and may appear personally or by way of an attorney and present testimony on his behalf at the time of the hearing, or that he may, upon a finding by the court pursuant to s. 78.067(2) that the plaintiff is entitled to the possession of the claimed property pending final adjudication of the claims of the parties, file with the court a written undertaking executed by a surety approved by the court in an amount equal to the value of the property to stay an order authorizing the delivery of the property to the plaintiff.
(f) State that if the defendant fails to appear he shall be deemed to have waived his right to a hearing and that in such case the court may order the clerk of the court to issue a writ of replevin.
[3] 78.067 Order to show cause; hearing. 

(1) If, after serving a show-cause order as provided above, the court finds that the defendant has waived his right to be heard on that order in accordance with s. 78.075, it shall dispense with the hearing on the show-cause order and promptly issue an order authorizing the clerk of the court to issue a writ of replevin.
(2) If the court finds that the defendant has not waived his right to be heard on the order to show cause in accordance with s. 78.075, the court shall at the hearing on the order to show cause consider the affidavits and other showings made by the parties appearing and make a determination of which party, with reasonable probability, is entitled to the possession of the claimed property pending final adjudication of the claims of the parties. This determination shall be based on a finding as to the probable validity of the underlying claim alleged against the defendant. If the court determines that the plaintiff is entitled to take possession of the claimed property, it shall issue an order directing the clerk of the court to issue a writ of replevin. However, the order shall be stayed pending final adjudication of the claims of the parties if the defendant files with the court a written undertaking executed by a surety approved by the court in an amount equal to the value of the property.
[4] The circuit judge also indicated that another remedy was available to secure the relief requested, but none in fact exists. Compare Fla. R.App.P. 9.130 (providing for review of order determining plaintiff's right to relief).
[5] Cf. Phillips v. Guin & Hunt, Inc., 344 So.2d 568, 574 (Fla. 1977) (distinguished in Gazil; invalidating § 83.12, Fla. Stat. (1975) partially on ground that, under statute, "distress writ [for rent] is issued by the clerk based upon an unverified complaint without the necessity of a preliminary factual determination as to the validity of the claim." [e.s.]).
[6] The entire statute read as follows:

Proceedings to Dissolve. The court to which such attachment is returnable shall always be open for the purpose of hearing and deciding motions to dissolve such attachments, and in any case upon oath in writing made by the defendant and tendered to the court that any allegation in the plaintiff's affidavit is untrue, a trial of such traverse shall be had, and if the allegation in the plaintiff's affidavit which is traversed is not sustained and proved to be true, the attachment shall be dissolved. If such affidavit shall traverse the debt or sum demanded, the judge may, upon application of either party, require formal pleadings as to the debt or sum demanded to be filed in such time as he may fix, and the issue of fact, if any raised by such pleadings shall be tried as hereinbefore provided and at the same time as the issue, if any, made by the affidavit as to the special cause assigned in plaintiff's affidavit. Issues of law raised by such pleadings shall be determined and given effect to by the judge as in other controversies at law. Upon the demand of either party, a jury to be summoned from the body of the county upon the order of the judge, shall be empaneled to try the issue joined as aforesaid; but a circuit judge shall not be required in vacation to go to any county in which he does not reside, to try any such motion to dissolve.
[7] We disagree with any implication by analogy with Brasseria La Capannina, Inc. v. Goodman, 579 So.2d 193 (Fla. 4th DCA 1991) that the mandatory nature of the duty to issue the writ thus provided by § 78.068 may render it unconstitutional. Such a conclusion would be directly contrary to Gazil, 356 So.2d at 312, which explicitly upheld the statute as written.

In any event, Brasseria, which found § 83.12, Fla. Stat. (1989) was invalid because it provides that "[a] distress writ [for rent] shall be issued by a judge of the court which has jurisdiction of the amount claimed," 579 So.2d at 193 [e.s.], and that subsequent amendments did not cure the defect identified in Phillips v. Guin & Hunt, Inc., 344 So.2d 568 (Fla. 1977) was, in our view, wrongly decided. Among other things, it overlooks that Ch. 80-282, Laws of Fla. added the requirement that a complaint for distress for rent (like one under § 78.068), be "verified." See supra note 5. The present law thus remedies the flaw pointed out in Phillips itself:
In the instant cause, appellants filed an affidavit in support of their claim. The statute is nevertheless deficient on its face in that it makes no provision for a sworn statement before the issuance of a distress writ. We note that an affidavit was an express requirement of the statute's predecessor. In amending the statute in 1967 to read in its present form, the Legislature eliminated the necessity of an affidavit. After 1967: Ch. 67-254, § 34, Laws of Florida. In its place, they substituted only the requirement of an unverified complaint.
Phillips, 344 So.2d at 574 n. 9. So amended, §§ 83.11-12 seem fully to comply with the requirements set forth in Phillips:
[I]t is constitutionally imperative that a writ issue only after an impartial factual determination is made concerning the existence of the essential elements necessary for issuance of the writ. Consequently, a writ must be issued by a judicial officer based upon a prima facie showing rather than pro forma by the clerk of court, unless the initial pleading is made under oath to a clerk who makes an independent factual determination that the requirements of the statute have been complied with. Only then can the individual have his use and enjoyment of the property protected from arbitrary encroachment.
[e.s.]
Brasseria, 579 So.2d at 193. It goes without saying that under both §§ 83.12 and 78.068, the court may not issue the writ without first making the "independent factual determination that the requirements of the statute have been complied with." 579 So.2d at 193. Since that is true, the verification provision constitutionalizes both statutes. See Gazil, 356 So.2d at 312. Moreover, Phillips specifically permits a clerk to make the necessary determination of the sufficiency of the complaint. Phillips, 344 So.2d at 574. Since, under 83.12 and 78.068, that finding must be made by the court, there is even less objection to their validity.