PER CURIAM.
The defendant Manuel D. Medina appeals an adverse non-final order, as amended, directing the issuance of a prejudgment writ of replevin against a certain stock certificate owned by the defendant. We have jurisdiction to entertain this appeal, Art. V, § 4(b)(1), Fla. Const.; Fla.R.App.P. 9.130(a)(3)(C)(ii), and affirm.
The remedy of prejudgment re-plevin is available to the plaintiff Star Holding Company No. 1, Inc. because (a) it is entitled to possession of the claimed stock certificate under a pledge agreement entered into between the plaintiffs predecessor-in-interest and the defendant, § 78.-055(2), Fla.Stat. (1989), and (b) the defendant was in the process of dissipating the economic value of the stock certificate by stripping the assets of the company for which the stock was issued, thus wasting the value of the stock certificate. Section 78.068(2), Fla.Stat. (1989). We conclude, contrary to the defendant’s argument, that the pledge agreement which requires the defendant to pledge the stock certificate as additional collateral for an underlying loan gave the plaintiff’s predecessor-in-interest either a contractual right of immediate possession or an unperfected security interest in the subject stock certificate so as to permit it to bring an action for prejudgment replevin. See Transtar Corp. v. Intex Recreation Corp., 570 So.2d 366 (Fla. 4th DCA 1990); Lease Fin. Corp. v. National Commuter Airlines, Inc., 462 So.2d 564 (Fla. 3d DCA 1985); cf. Finizio v. Shubow, 557 So.2d 640 (Fla. 4th DCA 1990) (enforceable security interest in stock created by contract without physical transfer of certificates).
Affirmed.