COPE, J.
Pegasus Aviation I, Inc. and Pegasus Aviation II, Inc., (collectively “Pegasus”) each own a Boeing 767 airliner which they have leased to defendant-appellee Trans-brasil, a Brazilian airline which flies passengers and cargo internationally. Trans-brasil has defaulted on its lease payments.
Pegasus brought suit in Brazil to repossess its aircraft. It obtained a preliminary order of repossession. The repossession order prohibited removal of the aircraft outside of Brazil.
The Brazilian appellate court issued a stay and ordered release of the aircraft to *214 Transbrasil so that Transbrasil could continue using the aircraft on its airline routes pending resolution of the litigation. The court stated that the airline had posted real property as additional collateral. The Brazilian action remains pending.
Pegasus then filed a replevin complaint in Miami. It obtained an ex parte writ of replevin and seized one of the Boeing 767 aircraft at the Miami International Airport.
Transbrasil moved to dissolve the writ of replevin, because of the prior pending repossession action brought by Pegasus in Brazil for the same aircraft. The trial court dissolved the writ of replevin and returned the aircraft to Transbrasil. The trial court ruled that the Miami action would abate, pending resolution of the Brazilian action. Pegasus has appealed.[1]
We conclude that the trial court had the discretion to abate Pegasus’ second-filed Miami action pending the outcome of Pegasus’ first-filed action in Brazil. Banco Bilbao Vizcaya, S.A. v. Naiz S.A., 615 So.2d 233 (Fla. 3d DCA 1993). Dissolving the Miami writ of replevin simply restored the status quo.
Pegasus points out that under the lease, it has a right “to bring proceedings against Lessee [Transbrasil] ... concurrently in more than one jurisdiction....” Pegasus states that it was thus entitled to file a replevin action in Miami, notwithstanding the existence of its earlier-filed action in Brazil. While that is true, the trial court nonetheless has the discretion to abate the second-filed action.
Pegasus argues that under Comcoa, Inc. v. Coe, 587 So.2d 474 (Fla. 3d DCA 1991), once it filed the replevin action it was the duty of the court to issue the prejudgment writ, notwithstanding the existence of the earlier-filed Brazilian action. Pegasus argues that the court was obligated to issue the writ and did not have any latitude to dissolve it.
We disagree with this analysis and conclude that Comcoa does not apply here. The Comcoa decision did not involve or address the question of priority of lawsuits. In ruling as it did, the trial court’s decision to dissolve the writ and abate the second-filed action followed well-settled principles of law.
Affirmed.

. Transbrasil returned the aircraft to Brazil. However, this appeal is not moot, because Transbrasil desires to continue using the aircraft on its Miami route until the controversy is resolved in Brazil.