SALTER, J.
(dissenting).
I respectfully dissent. First, the petition was untimely. The essence of the petition is a claim that the trial' court departed from the essential requirements of law in its ruling — not that it has failed to rule despite a clear legal duty to do so.[2] The petitioner’s claim thus should be treated as a petition for certiorari rather than a petition for mandamus. Judicial notice of the circuit court docket in this case reveals that the order denying the motion for default was docketed the day it was signed by the trial court, October 26, 2010.[3] The petition was not filed within thirty days of the order as required by Florida Rule of Appellate Procedure 9.100(c).
Second, the rule governing the entry of a motion for default by the court, Florida Rule of Civil Procedure 1.500(b), states:
When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute .or order *324 of court, the court may enter a default against such party; provided that if such party has filed or served any paper in the action, the party shall be served with notice of the application for default, (emphasis provided).
The word “may” connotes a discretionary, not ministerial act, and thus one ordinarily ineligible for mandamus. The majority cites Comcoa, Inc. v. Coe, 587 So.2d 474, 477 (Fla. 3d DCA 1991), for the proposition that in certain statutes “the term ‘may,’ which ordinarily implies the exercise of choice or discretion, simply does not do so and must, in contrast, be given a definition equivalent to the mandatory ‘shall.’ ”
In the case at hand, however, we are construing a rule, not a statute, and we have no “indications of legislative intent to the contrary” or “obvious inferences from the structure and purpose of the statute” from which to engage in verbal prestidigitation. United States v. Rodgers, 461 U.S. 677, 706, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983). As the creations of lawyers, judges, rules committees, and Justices, rules should be presumed to appropriately differentiate “may” from “shall” and to record in the published comments any thoughts or inferences to the contrary.
Third, the adequate remedy at law at this stage is a motion for final summary judgment in the trial court. The extraordinary writ proceeding in this Court does not seem calculated to achieve the “just, speedy, and inexpensive”[4] determination of the petitioner’s claims.
Finally, the petitioner’s assumptions regarding the trial judge’s thought processes are not supported by a transcript and are, in my view at least, unprofessional.[5] I would deny the petition.

. See Monroe County v. Cisneros, 49 So.3d 801 (Fla. 3d DCA 2010).

.The docket further reflects that the petitioner filed a “notice of filing” a copy of the same order on February 2, 2011.

. Fla. R. Civ. P. 1.010.

. The petition alleges that the trial judge was "vehement” in his refusal to provide clarification for his denial of the motion for default; complains of the court’s "non-responsiveness” at the hearings; and accuses the trial court of attempting to "come to the rescue of Ms. Brown by nakedly crying 'insufficiency' sua sponte." Counsel’s aspersions are no substitute for a record. The trial court may just as well have been uncomfortable with the use of "XXX-XX-XXXX” in the non-military affidavit, as the Department of Defense Military Status Report is expressly limited to "the information that you provided.” Nothing in the affidavit or Military Status Report assures a reviewing court that Ms. Brown's actual Social Security number was provided and used for the search, or that her SSN ends in "XX-XXXX.” While the use of "XXX” in lieu of the first three digits may represent an effort to protect Ms. Brown from identity theft and to comply with other rules, there are adequate means to provide that protection while allowing the trial court and this Court an opportunity to assure ourselves that the full and correct Social Security number (i.e., one supplied by Ms. Brown in loan documents or from some other reliable source) was supplied to the Department of Defense.