509 So.2d 341 (1987)
ITT COMMERCIAL FINANCE CORPORATION, Appellant,
v.
DDD APPLIANCE SERVICE & SALES, INC., Richard Innis, and Norma Innis, Appellees.
Nos. 86-2498, 86-2675.
District Court of Appeal of Florida, Second District.
May 20, 1987.
Rehearing Denied July 14, 1987.
Charles M. Tatelbaum and Charles L. Weissing of Kass, Hodges & Massari, Tampa, for appellant.
John F. Hooley and Lawrence D. Martin of Vega, Brown, Stanley & Martin, P.A., Naples, for appellees.
PER CURIAM.
The secured creditor, ITT Commercial Finance Corporation (ITT), appeals two trial court nonfinal orders from the Twentieth Judicial Circuit. These orders, one from Lee County and the other from Collier County, determined the right to immediate possession of property by partially dissolving the writs of replevin ITT had obtained against its debtors, DDD Appliance Service & Sales, Inc., Richard Innis, and Norma Innis (DDD). The appeals have been consolidated. We reverse.
Beginning in March, 1982, ITT provided DDD with secured floor plan financing under an agreement for wholesale financing. The security agreement provided that DDD gave ITT a security interest
[I]n all chattels financed by you, and in all present and future attachments and accessories thereto and components and replacements thereof and in all proceeds (including insurance proceeds) thereof, whether or not identifiable, and in all our inventory, parts, machinery and equipment wherever located and whether or not financed hereunder... .
.....
[I]n all accounts, contract rights and general intangibles now or hereafter owned by or due to us. .. .
DDD also specifically agreed to follow the following trust fund payment arrangement:
Our obligation as to each chattel shall become due as indicated on the Statement, or if no due date is shown, then 90 days from the date of your advance thereon. Upon the sale of any chattel, however, we shall immediately pay you in cash the pertinent amount of the total indebtedness allocable thereto. .. .
The parties further agreed that upon breach of the security agreement, or whenever *342 ITT deemed itself insecure, ITT could accelerate the entire debt, demand possession of all the collateral, and generally exercise all the rights of a secured party under the Uniform Commercial Code. ITT filed financing statements to perfect its security interest in the collateral.
Upon DDD's selling some of the collateral contrary to the trust fund payment agreement and its failing to make payments as agreed, ITT filed suits in Lee and Collier Counties seeking replevin and money damages against DDD and its principals. After the trial judges in the respective counties reviewed ITT's verified complaints and supporting affidavits, they entered orders directing the issuance of a writ of replevin. ITT posted the required bond, the clerk issued the writs, and the sheriff seized the collateral.
DDD then filed motions in contradiction claiming that there were material and fatal defects in the complaints and requested that ITT prove the grounds asserted in the complaints. DDD, however, did not assert any affirmative defenses or matters in avoidance in either motion in contradiction. Although at the motion hearings, DDD presented testimony regarding the reasons for its failure to make payments as agreed and for its failure to follow the trust agreement, it did not dispute that it had defaulted as to its agreement with ITT.
After the hearings on the motions, the trial judges found that ITT had failed to establish certain of the facts it had alleged in its verified complaints and supporting affidavits used to procure the issuance of the prejudgment writs of replevin. Specifically, the trial courts found that, contrary to ITT's allegations, ITT might be a second lienor rather than a first lienor as to some of the collateral, that DDD had made some payments instead of no payments, and that it was not likely that DDD would remove the collateral from the court's jurisdiction. The respective trial courts entered orders partially dissolving the writs of replevin allowing ITT to continue its prejudgment replevin on the purchase money inventory but on no other assets described in the floor plan agreement. ITT timely filed notices of appeal.
Apparently the trial judges believed that a prejudgment writ of replevin should be upheld only where the creditor-plaintiff proved each and every allegation made on the verified complaint and original affidavit. Here, however, DDD does not dispute that it failed to make payments as agreed. That alone is a valid statutory ground for issuance of a prejudgment writ of replevin under section 78.068(2), Florida Statutes (1985). See also, Lease Financing Corp. v. National Commuter Airlines, Inc., 462 So.2d 564 (Fla. 3d DCA 1985). Moreover, the collateral covered by the security agreement between ITT and DDD is described in very expansive terms, and the partial dissolutions of the writs of replevin were not based on findings that any of the items replevied were not in fact covered as collateral by the terms of the security agreement. As a secured creditor, ITT could properly take possession of any property it had a contractual right to possess pending the outcome of the suit regardless of the value of the collateral or the amount by which DDD was in default. See Lease Financing. Finally, whether ITT was a first lienor or a second lienor as to some of the collateral may be material to a dispute between ITT and the first lienor; however, that fact has no bearing on who has the superior right to the possession of collateral between ITT as the secured creditor here and DDD, the defaulting debtor.
Because we find that the facts which ITT did prove established that the statutory grounds for issuance of a prejudgment writ of replevin had been met, we conclude that the trial courts erred in partially dissolving the prejudgment writs of replevin. We reverse the trial courts' partial dissolution orders with instructions to reinstate the prejudgment writs of replevin as originally issued.
Reversed and remanded.
RYDER, A.C.J., and HALL and SCHOONOVER, JJ., concur.