**FIRST NATIONAL BANK OF OHIO;** Spreng, Appellant and Cross–Appellee, et al.,

v.

**FORM FORGE MACHINERY, INC.** et al.; Crabbe, Appellee and Cross–Appellant.

[Cite as *First Natl. Bank of Ohio v. Form Forge
Mach., Inc.* (1996), 113 Ohio App.3d 722.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17665.

Decided Aug. 28, 1996.

*Kenneth C. Baker,* for appellant and cross-appellee Beckett Spreng.

*Jonathon M. Yarger* and *Ellen Maglicic Kramer,* for appellee and cross-appellant Joseph K. Crabbe.

REECE, Presiding Judge.

Appellant, Beckett Spreng, appeals the judgment of the court of common pleas granting Joseph Crabbe a stay of judgment and ordering Spreng to apply the proceeds from the disposition of certain collateral to discharge Crabbe's debt. Appellee, Joseph Crabbe, cross-appeals the trial court's decision denying his Civ.R. 60(B)(4) motion for relief from judgment. We reverse in part and affirm in part.

I

On December 8, 1992, Form–Forge Machinery, Inc. renewed a prior loan from First National Bank of Ohio in Akron. Form–Forge, William Hoppes, Joseph Crabbe, and Jim Spreng executed a promissory note agreeing to joint and several liability on the debt.[1] The security agreement executed between the bank and Form–Forge on December 8, 1992 granted the bank a security interest in, among other equipment, two 700E hydraulic presses. On February 8, 1993, the bank extended another loan to Form–Forge. This second loan was secured by the same collateral as the first. The promissory note was executed by Form–Forge, Hoppes and Spreng, but not Crabbe.[2] These comakers were to be held jointly and severally liable for the $115,000 debt.

On August 19, 1993 the bank obtained, in the Summit County Court of Common Pleas, a confession of judgment against Form–Forge, Hoppes, Crabbe and Spreng on the first note. The judgment, rendered against the defendants jointly and severally, was for the sum of $75,722.94. At the same time, the bank also obtained a confession of judgment against Form–Forge, Hoppes and Spreng on the second note. In August or September 1994, the bank assigned its rights as a judgment creditor on the two notes to Beckett Spreng, Jim Spreng's wife.

In May 1993, the Peoples Banking Company filed an action in Hancock County seeking judgment against Form–Forge in excess of $2,000,000 for various loans then due. The Hancock County proceedings were stayed while Form–Forge commenced a Chapter 11 bankruptcy proceeding in Toledo, Ohio. The litigation

---

1. Spreng, Hoppes and Crabbe, Form–Forge's three principals, signed the note individually. Spreng signed on behalf of Form–Forge as its secretary/treasurer.

2. Apparently Crabbe resigned from his position with Form–Forge prior to February 1993.

resumed with the appointment of a receiver. After settlement of the Hancock County litigation, only the two 700E presses were left to secure both loans obtained by Form–Forge from the bank.

On April 3, 1995 Spreng issued a notice of her intent to sell the two 700E presses at a nonjudicial private sale. The receiver immediately objected to Spreng's sale of the presses. However, on May 4, 1995 the receiver moved the Hancock County Court of Common Pleas for permission to abandon the presses, thereby enabling Spreng, as the secured party, to foreclose her interest and conduct a sale. Crabbe objected to the abandonment of the presses. On July 6, 1995, Crabbe moved for relief from judgment in the Summit County Common Pleas Court pursuant to Civ.R. 60(B)(4), claiming that the judgment taken against him on August 19, 1993 had been fully satisfied. Crabbe argued that by failing to sell the collateral within a reasonable amount of time, Spreng should be deemed to have retained the collateral in full satisfaction of the debt.

On January 2, 1996, the trial court denied Crabbe's motion for relief from judgment, finding that Spreng had not retained the collateral in satisfaction of Crabbe's debt. However, the court ordered a stay of execution of the judgment of August 19, 1993 "in respect to the attachment, seizure or garnishment of assets of the judgment debtor Joseph K. Crabbe until sale and application of the proceeds of sale of the collateral now in the possession of Beckett Spreng." Both Spreng and Crabbe appeal from the trial court's order.

## II

### A

"I. The trial court erred in directing the application of the proceeds of the sale of the secured collateral.

"II. The trial court erred in staying execution of the judgment."

Spreng seeks to apply the proceeds from the sale of the two 700E presses to the debt incurred on the second note executed by Form–Forge, Hoppes and Jim Spreng, and to use other remedies to recover the amount due on the first note. Crabbe hopes to prevent Spreng from so doing by forcing her to apply the proceeds from the sale of the collateral to the first note so that he may avoid personal liability.[3] Crabbe argues that the orders of priority contained in R.C. 1309.31(E), in conjunction with R.C. 1309.47, dictate to which security interest

---

3. Spreng is interested in collecting the entire amount due on the first note solely from Crabbe. Most likely this is due to Form–Forge's insolvency and the fact that Jim Spreng is her husband. Apparently Hoppes is also insolvent.

Spreng must first apply the proceeds of the sale of the collateral at issue. This contention is incorrect.

The rules concerning priority presume *competing* interests between two or more secured parties in the same collateral. A debtor may not assert as a defense the priority of another security interest over the secured creditor attempting to assert its rights against the pledged collateral. See, *e.g., ITT Commercial Fin. Corp. v. DDD Appliance Serv. & Sales* (Fla.App.1987), 509 So.2d 341, 342. The question of priority is relevant only when there is a dispute between rival creditors. See, *e.g., DeVita Fruit Co. v. FCA Leasing Corp.* (C.A.6, 1973), 473 F.2d 585, 588. Where there is no dispute between creditors, the question of priority cannot be raised as a defense by the defaulting debtor. "The circumstance that the repossessing creditor does not have priority is immaterial when the creditor with priority as to the right to possession does not assert any right to repossess the collateral." 68A American Jurisprudence 2d (1993) 457, Secured Transactions, Section 596.

In the instant case, there is no rival creditor. Spreng is the sole judgment creditor as to both security interests at issue; therefore, in her discretion she may, unless the terms of the governing security agreements dictate otherwise,[4] repossess and dispose of the collateral under whichever security agreement she chooses, regardless of the order of priority. If Spreng wishes to execute on the 1993 security agreement she may, as the holder of the 1992 interest, decline to assert the priority of the 1992 security interest and, in effect, subordinate to herself. She may place the later secured interest before the former.

Additionally, we note that the Code provides: "Nothing in sections 1309.01 to 1309.50, inclusive, of the Revised Code prevents subordination by agreement by any person entitled to priority." R.C. 1309.35. Thus, if the bank had transferred its rights as a judgment creditor on the 1993 note to Spreng and retained its rights on the 1992 note, Spreng and the bank could then have executed an agreement subordinating the bank's priority in the collateral to Spreng's interest. It necessarily and logically follows that if two or more creditors may agree to change the order of priority of their security interests in the same collateral, a single creditor with more than one security interest in the same collateral may elect to prioritize her interests as she chooses. Therefore,

---

4. See R.C. 1309.12; *Robinson v. Flynn* (1982), 2 Ohio St.3d 19, 22, 2 OBR 506, 508–509, 442 N.E.2d 454, 457–458.

the trial court erred in staying the execution of judgment against Crabbe until the collateral was sold and the proceeds were applied to the 1992 debt.

Accordingly, Spreng's assignments of error are sustained.

B

"The trial court erred in holding that the facts in this case do not establish that Beckett Spreng retained collateral in satisfaction of Joseph K. Crabbe's obligation to her, as provided for in Ohio Revised Code § 1309.48(B)."

In his cross-appeal, Crabbe argues that the trial court improperly denied his motion for relief from judgment because Spreng has retained the collateral in full satisfaction of Crabbe's debt. Crabbe contends that Spreng's failure to dispose of the collateral by sale for a protracted length of time amounts to an implied retention of the collateral in full satisfaction of the debt. Based on our determination of Spreng's assignments of error, Crabbe cannot assert retention of the collateral as a defense. Because Spreng elected to first execute on the 1993 security agreement, she retained the collateral, if at all, under the 1993 security agreement. Thus, if any debt were considered satisfied in full due to Spreng's retention of the collateral, it would be the $115,000 debt owed by Form–Forge, William Hoppes and Jim Spreng.

■ Nevertheless, we will briefly consider the merits of Crabbe's argument. R.C. 1309.48(B) provides:

"[A] secured party in possession *may*, after default, propose to retain the collateral in satisfaction of the obligation. Written notice of such proposal shall be sent to the debtor if he has not signed after default a statement renouncing or modifying his rights under this division. * * * If the secured party receives objection in writing from a person entitled to receive notification within twenty-one days after the notice was sent, the secured party must dispose of the collateral under section 1309.47 of the Revised Code. In the absence of such written objection, the secured party *may* retain the collateral in satisfaction of the debtor's obligation." (Emphasis added.)

Under certain conditions, such as failure to dispose of the collateral by sale for an unreasonable length of time, a creditor may be deemed by implication to have exercised its statutory rights under R.C. 1309.48(B). See *Winters Natl. Bank & Trust Co. v. Saker* (1979), 66 Ohio App.2d 31, 35–36, 20 O.O.3d 76, 78–79, 419 N.E.2d 890, 893–894. Crabbe contends that he is entitled to relief from judgment pursuant to Civ.R. 60(B)(4) because an unreasonable amount of time passed without sale of the collateral.

Civ.R. 60(B) provides that a party may obtain relief from judgment for the following reasons:

"(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."

To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. These three requirements are independent and in the conjunctive, not the disjunctive. *Caruso–Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 66, 5 OBR 120, 121–122, 448 N.E.2d 1365, 1367. It is within the sound discretion of the trial court to decide whether to grant a motion for relief from judgment; absent a clear showing of abuse of that discretion, the decision will not be disturbed on appeal. See *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914, 915–916.

Based on its review of the evidence, the trial court found the following:

"Beckett Spreng has demonstrated no intention, written or implied, to retain the presses. In fact, her actions have indicated quite the opposite. As soon as the Hancock County litigation cleared the competing security claim and she achieved abandonment of the presses by the Receivership, she notified Joseph K. Crabbe of her intention to sell the presses by a nonjudicial sale.

"Joseph K. Crabbe also argues that as an assignee, Beckett Spreng took the first note subject to First National Bank's long period of inactivity. While she stands in the same shoes as First National Bank, neither the bank nor Beckett Spreng could take any action to dispose of the collateral because of the litigation in Hancock County. The issue in that matter concerned the priority of competing security interests claimed by Peoples Savings Bank. Spreng and the bank have vigorous [*sic* ] pursued their interests in the collateral and were effectively prevented from sale or disposition of the collateral during the period of retention. These facts do not establish a retention in satisfaction as provided by Rev.Code 1309.48(B).

"No meritorious defense has been established and the judgment rendered has not been satisfied. The motion to vacate is not well taken and is therefore, denied."

Upon review of the record, we cannot hold the trial court abused its discretion in making the above determination. The trial court properly denied Crabbe's Civ.R. 60(B)(4) motion.

Accordingly, Crabbe's assignment of error is overruled.

## III

The judgment of the trial court denying Crabbe's Civ.R. 60(B)(4) motion is affirmed. The judgment of the trial court granting a stay of execution of the August 19, 1993 judgment is reversed. Beckett Spreng may dispose of the two 700E presses and apply the proceeds of their sale to whichever security interest she chooses.

*Judgment affirmed in part*
*and reversed in part.*

DICKINSON and SLABY, JJ., concur.